[Civ. No. 20991. Second Dist. Div. Two. Oct. 6, 1955.]

JOHN E. MILLER, Appellant, v. ROSS W. CORTESE et al., Defendants; CELIA A. DINOW, as Administratrix, etc., Respondent.

Jerrell Babb for Appellant.

Benjamin J. Goodman for Respondent.

FOX, J.—On the trial of this case, judgment was rendered in favor of defendant Celia A. Dinow, as administratrix of the estate of Meyer Ernest Dinow. Plaintiff appealed. (See *Miller* v. *Cortese,* 125 Cal.App.2d 656 [271 P.2d 87].) Petition for hearing in the Supreme Court was denied on July 28, 1954. Upon the remittitur coming down on August 2, 1954, defendant caused a memorandum of costs on appeal to be served and filed on August 12, 1954. The only items listed thereon were (1) Respondent's brief $238.13, and (2) Answer *re* petition, Supreme Court, $117.83; total $355.96. The cost bill was verified by the attorney for defendant. It purportedly was served on plaintiff by mailing a copy to plaintiff's attorney. Both attorneys had their offices in the city of Los Angeles. Counsel for plaintiff disclaimed receipt of any copy of the cost bill. Judgment was rendered for the amount claimed therein and execution issued.

Plaintiff thereupon made a motion ''to strike memorandum of costs and disbursements on appeal, to vacate judgment entered thereon, and to recall and quash writ of execution issued therein.'' This motion was supported by an affidavit by plaintiff's counsel of record in which he asserted, *inter alia,* that no service of the memorandum of costs on appeal had been made upon him. Controverting affidavits were filed by opposing counsel and his secretary. The court denied the motion. Plaintiff appeals from the order.

By its order the trial court impliedly found that the memorandum of costs on appeal was in fact served by mail in accordance with the provisions of sections 1012 and 1013, Code of Civil Procedure. The affidavit of Alice Judelson, secretary to the attorney for defendant, definitely supports such a finding. By the express terms of section 1013, Code of Civil Procedure, ''The service is complete at the time of the deposit'' in the mail. (*McKeon* v. *Sambrano,* 200 Cal. 739, 741 [255 P. 178]; *Lapique* v. *Kelley,* 82 Cal.App. 586, 593 [256 P. 229].) ■ The mere fact that the other party may not have received the paper through the mail does not establish that the affidavit of mailing is false. (*McKeon* v. *Sambrano, supra.*)

Appellant further argues that the affidavit of defendant's secretary does not establish that service was made upon him by serving Attorney Jerrell Babb by mail. He seems to advance two theories: (1) that it does not appear that Mr. Babb still had authority to represent him, and (2) that defendant intended to serve plaintiff by mailing a copy of

the memorandum to Mr. Babb. The affidavit of Alice Judelson, however, furnishes a complete answer to these theories. It recites, in part, that "your affiant did personally serve the memorandum of costs and disbursements on appeal in the above entitled action on the plaintiff and appellant, John E. Miller, by depositing a true and correct copy of the memorandum of costs on appeal . . . in the United States post office mail box at 3450 Wilshire Boulevard, Los Angeles, California, addressed as follows:

> Jerrell Babb, Attorney at Law
> 542 South Broadway
> Los Angeles 13, California . . .

That your affiant mailed said memorandum of costs on appeal to said Jerrell Babb, who is the attorney of record for the plaintiff herein." The affiant further stated that "Jerrell Babb, attorney at law, has his office at 542 South Broadway, Los Angeles 13, California, as evidenced by the last pleading received from him in the above entitled action . . ." It is thus patent that defendant intended to serve plaintiff by mailing a copy of the memorandum to his attorney of record. There can be no doubt that Mr. Babb was in fact plaintiff's attorney of record on that date for he so states in his own affidavit.

Appellant also contends that the verification of the memorandum of costs on appeal by defendant's attorney fails to conform to the requirements of sections 1033[1] and 1034,[2] Code of Civil Procedure, and is therefore insufficient. Hence, he argues, his motion to strike the memorandum should have been granted. ▮ The verification, which was on a printed form, reads as follows: "Benjamin J. Goodman, being first duly sworn, says: I am the attorney for the party who claims costs herein; to the best of my knowledge ·and belief the items in the within memorandum of costs on appeal are

---

[1]Section 1033, Code of Civil Procedure, provides, in part, that the "memorandum [of costs and disbursements] must be verified by the oath of the party, or his attorney . . . stating . . . that the disbursements have been necessarily incurred *in the action or proceeding.*" (Emphasis added.)

[2]The portion of section 1034, Code of Civil Procedure, here material reads: "Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within 30 days after the remittitur is filed with the clerk below, serve upon the adverse party and file with such clerk a memorandum of his costs, verified as prescribed by the preceding section [i.e., Code Civ. Proc., § 1033]." (See *Rosenfield* v. *Vosper*, 57 Cal.App.2d 605, 608 [134 P.2d 529, 135 P.2d 579].)

correct; and that said costs have been necessarily incurred.'' It is thus apparent that the verification omitted the words ''in this action or proceeding'' following the word ''incurred'' (see italicized portion of footnote 1). Appellant takes the position that the omission of these words is fatal to the sufficiency of the verification because he is entitled to have ''Respondent's verification that the costs were necessarily incurred in this action or proceeding and not carried over from some other unrelated proceeding,'' otherwise ''the charged items could have been incurred in previous appeals or even at some stage of the probate proceedings.'' Appellant is unduly concerned that some of the items on this memorandum were not incurred as a result of the most recent appeal in this case. An inspection of the document discloses that it relates to costs on appeal. It is so captioned, and the word ''appeal'' is underscored. The only items of costs claimed are under the heading: ''Printing of briefs.'' These are (1) ''Respondent's brief'' and (2) ''Answer re petition, Supreme Court.'' It is thus obvious that both items of cost claimed by respondent were incurred as a result of the appeal and the petition of appellant for a hearing in the Supreme Court following an affirmance of the judgment by the District Court of Appeal. It is also clear that the memorandum claimed costs on appeal growing out of appellant's appeal in the above entitled matter which resulted in an adverse decision, reported in 125 Cal.App.2d 656. The remittitur was filed on August 2, 1954, and respondent served and filed her memorandum of costs on appeal 10 days thereafter, thus complying with the requirement of section 1034, Code of Civil Procedure, that one who claims costs on appeal must file his memorandum claiming such costs within 30 days after the remittitur is filed with the clerk of the court below. It is therefore plain that the memorandum filed by respondent adequately and accurately reflected her claim for costs growing out of the aforesaid appeal, and sufficiently informed appellant of the amount of and basis for each item. He could not reasonably have been misled in any respect. Nor does he contend that he was in fact misled. The verification of the memorandum by respondent's attorney was a substantial compliance with the statute. The trial court therefore properly denied appellant's motion.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.