[Civ. No. 31617. Second Dist., Div. Two. June 10, 1968.]

CLEAVEN HUNTER et al., Plaintiffs and Appellants, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

Silver & McWilliams and Leonard H. Mandel for Plaintiffs and Appellants.

Belcher, Henzie & Biegenzahn and Nancy B. Goodman for Defendants and Respondents.

FLEMING, J.—The issue: timeliness of commencing suit against a public entity.

The chronology:

*17 June 1963*—a car containing appellants collided with a car containing respondent Nybakken, an employee of respondent County.

*12 September 1963*—appellants filed with the County a claim for damages caused by the collision. Other than to acknowledge receipt of the claim, respondent County took no action.

*8 May 1964*—appellants filed their complaint in superior court.

*18 August 1966*—respondents moved for summary judgment on the ground the complaint had not been filed within the time permitted by section 945.6, Government Code. (Section references are to the Government Code unless otherwise noted.)

*7 October* 1966—summary judgment was granted.

In relevant part, section 945.6 provides: ". . . any suit brought against a public entity on a cause of action for which a claim is required to be presented . . . must be commenced within six months after the date the claim is acted upon by the board, or is deemed to have been rejected by the board. . . ."

Section 912.4 provides, in part:

"(a) The board shall act on a claim . . . within 45 days after the claim has been presented. . . . (c) If the board fails or refuses to act on a claim within the time prescribed by this section, the claim shall be deemed to have been rejected by the board on the last day of the period within which the board was required to act upon the claim. . . ."

By reason of 1963 Statutes, chapter 1715, page 3369, section 152(d), since appellants' claim was filed 12 September

1963 and not acted upon before 20 September when the legislation in question became effective, their claim was deemed submitted on 20 September, and rejected on 4 November 1963. Six months from the latter date was 4 May 1964. Appellants' complaint, filed on 8 May, was thus four days late.

█ Appellants first argue that they have substantially complied with the statutory time requirements and in effect have been penalized for promptness in filing their claim with the County. They note that they were allowed 100 days from the accident to file their claim (§ 911.2) and that if they had taken full advantage of this allowance they would have had until 11 May to file their complaint. They argue that the purpose of the time requirements imposed on those who seek redress from governmental bodies is to give the latter notice of claims and an opportunity to investigate. This purpose, they continue, was in no way thwarted by their delay in filing a complaint. Moreover, since a curative procedure is available to those who through mistake, inadvertence, surprise, or excusable neglect fail to file *claims* within the required time (§§ 911.4, 911.6), it is unreasonable strictly to apply the time limit in the statute for the filing of *complaints*.

In effect appellants ask us to rewrite the Tort Claim Act of 1963. The curative provision for those who file late claims has an obvious rationale that does not apply to those who file claims and then fail to file complaints within the prescribed period. A late claim suggests late discovery of the proper means of seeking redress. But once a claimant has filed his claim, he demonstrates familiarity with the statutory procedures governing his grievance, and can reasonably be charged with knowledge of the time limitations that are part of that procedure.

We are governed here by the tort claims statute, which does not indulge late suitors to the same extent it does late claimants. Appellants' right to sue the state and its political subdivisions, having been formulated by statute, is circumscribed by the limitations within that statute. The recent case of *Williams* v. *Los Angeles Metropolitan Transit Authority*, 68 Cal. 2d 599 [68 Cal.Rptr. 297, 440 P.2d 497] (Supreme Court, No. 29438, 17 May 1968), holding that Code of Civil Procedure, section 352, suspends the period of time for a minor to commence suit under the tort claims statute, contains no suggestion that late filing of suit by an adult may be excused on the ground of substantial compliance.

■ Appellants' two other contentions—waiver and estoppel—are based on respondents' failure to raise the issue of timeliness earlier in the proceedings. Appellants argue that respondents waived the defense of untimeliness by failing to demur or to plead the defense in their answer. Undoubtedly, respondents could have amended their answer and then moved for judgment on the pleadings. (See, *Gonzales* v. *Brennan,* 238 Cal.App.2d 69 [47 Cal.Rptr. 501].) We think the motion for summary judgment, buttressed by an appropriate declaration, reached the same result in more direct fashion, and we find no waiver of the defense.

■ Appellants also urge estoppel, but in so doing point to no conduct of respondents which would justify an estoppel, and cite no case to support their argument. Their sole ground for the claim of estoppel is their incurrence of attorneys' fees during the pendency of the suit. The argument is unsubstantiated by any showing that respondents led appellants to believe they could legitimately file their complaint when they did.

The judgment is affirmed.

Herndon, Acting P. J., and Nutter, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.