[Civ. No. 22198. Fourth Dist., Div. One. Apr. 14, 1981.]

GARY LEE EDGINGTON, Plaintiff and Appellant, v.
COUNTY OF SAN DIEGO et al., Defendants and Respondents.

---

## COUNSEL

Peter J. Mueller and Mueller & Abbott for Plaintiff and Appellant.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and Phillip L. Kossy, Deputy County Counsel, for Defendants and Respondents.

---

## OPINION

TODD (W. L.), J.*—Gary Lee Edgington (plaintiff) appeals from a summary judgment for defendants County of San Diego and three county law enforcement officers (County) ordered by the superior court on August 7, 1979. The judgment is affirmed.

The complaint was filed on August 3, 1978, generally alleging the County was liable for the actions of two deputy sheriffs and a county marshal for abusing their authority when arresting the plaintiff on August 5, 1977, at Poway, California.

The crux of the County's summary judgment motion, and of this appeal, is that the complaint was barred by the statute of limitations

---

*Assigned by the Chairperson of the Judicial Council.

included in section 945.6, subdivision (a)(1), of the Government Code[1] in that the complaint was filed one day too late after receipt of the notice of the rejection of a claim filed earlier with the County.

The complaint alleged injury to the plaintiff when he was arrested in Poway, California, on August 5, 1977. The plaintiff had presented an administrative claim to the County under sections 905 and 945.4, which was denied by the County on January 25, 1978. The County's written notice rejecting plaintiff's claim was deposited in the mail, first class, certified, with a return receipt requested on February 2, 1978.

It was mailed to the address shown on the plaintiff's claim, which was the address of the plaintiff's attorney. The lawyer's secretary signed the postal return receipt on February 3, 1978.

The plaintiff's attorney stated in declarations accompanying the opposition to the County's motion for summary judgment that he thought the statute of limitations began to run on the date his secretary signed for the notice, and accordingly noted on his desk calendar to file his client's complaint no later than August 3, 1978.

The plaintiff's tort claim against the County was rejected by the County and written notice of that rejection was deposited in the mail. Six months and one day after such deposit, the plaintiff's counsel filed suit against the County. The superior court entered summary judgment against the plaintiff on the ground that it was untimely filed. The plaintiff has appealed from that summary judgment.

The issues presented are whether the rejection notice complied with section 915.2, and whether the plaintiff's complaint was timely filed under section 945.6, subdivision (a)(1).[2]

Article III, section 5, of the California Constitution provides that, "Suits may be brought against the state *in such manner* and in such

---

[1] All statutory references are to the Government Code unless otherwise specified.

[2] Section 945.6, subdivision (a)(1): "(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced:

"(1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail."

courts as shall be directed by law." (Italics added.) Although reference is only to the state, the provision includes its political subdivisions. (*Hayashi* v. *Alameda County Flood Control Dist.* (1959) 167 Cal. App.2d 584, 587 [334 P.2d 1048].)

In the Tort Claims Act (§ 900 et seq.), the Legislature has carefully prescribed the time and manner of filing claims against the public entities, and the conditions under which they may be sued. (See *City of L. A.* v. *County of L. A.* (1937) 9 Cal.2d 624, 629 [72 P.2d 138, 113 A.L.R. 370].)

Section 945.6, subdivision (a)(1), provides that if an entity gives written notice of rejection of the claim in accordance with section 913,[3] suit must be brought not less than six months after the date such written notice was either (1) personally delivered or (2) deposited in the mail to the claimant.

I

Initially, the plaintiff's counsel contends section 915.2 must be read to exclude certified mail with a return receipt requested. By using those postal services in addition to first class mail to send the notice of rejection, plaintiff claims the county failed to comply with section 915.2. We find this argument has no merit and hold certified mail with a return receipt requested may be used in addition to first class mail to comply with section 915.2.

We find support for this in *Call* v. *Los Angeles County Gen. Hosp.* (1978) 77 Cal.App.3d 911 [143 Cal.Rptr. 845]. The trial court had ruled a *claim* presented by the plaintiff to the defendant public entity

---

[3]Section 913, as amended in 1970, provides in pertinent part: "(a) Written notice of the action taken under Section 912.6 or 912.8 or the inaction which is deemed rejection under Section 912.4 shall be given in the manner prescribed by Section 915.4. Such notice may be in substantially the following form:

". . . . . . . . . . . . . . . . . .

"(b) *If the claim is rejected* in whole or in part, *the notice* required by subdivision (a) *shall include a warning in* substantially *the following form*:

"'WARNING

"'Subject to certain exceptions, *you have only six (6) months from the date this notice* was personally delivered or *deposited in the mail to file a court action on this claim*. See Government Code Section 945.6.

"'You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.'" (Italics added.)

had not been timely filed and sustained a demurrer without leave to amend. The court held failure to use Code of Civil Procedure section 1013a, proof of service, precluded application of that portion of section 915.2 making notice effective upon deposit in the mail.

The Court of Appeal reversed, noting the plaintiff had used certified mail with a return receipt requested for evidence of the timely deposit in the mail. The court stated: "Whether or when the claim was deposited in the mail is a question of fact (cf. *Miller* v. *Cortese*, 136 Cal.App. 2d 47, 48 [288 P.2d 297]) and the return receipt is better evidence of the fact than the proof of mailing by the permissive method of affidavit or certification." (*Call* v. *Los Angeles County Gen. Hosp.*, *supra*, at p. 917.)

■ An appellate court will not disturb the factual findings of a trial court where they are supported by substantial evidence. ■ Accordingly, we hold use of certified mail with a return receipt requested in addition to the use of first class mail satisfies section 913.

In this case, the plaintiff was not prejudiced in any manner by the use of the additional postal services of the certified mail. His attorney received the written rejection the next day after it was deposited in the mail.[4]

Code of Civil Procedure 1013, subdivision (a), giving an extra five days for a recipient to act to make allowances for the uncertainties of mail delivery, does not apply. (*Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227 [137 Cal.Rptr. 146].)

## II

■ Next, we turn to the plaintiff's contention his complaint was filed in superior court in timely fashion. This, too, has no merit.

Declarations filed in opposition to the County's motion for summary judgment show that plaintiff's attorney waited until what *he thought*

---

[4]Nor is the plaintiff prejudiced by losing this state action on summary judgment. We note plaintiff, in his application to this court for an extension of time in which to file his opening brief (dated Mar. 14, 1980), states he has a federal action pending in the United States District Court for the Southern District of California concerning the incident which is the subject of this action.

was the last possible date on which to file his client's complaint, and had marked his desk calendar accordingly. He made an error, and as was said in *Hunter* v. *County of Los Angeles* (1968) 262 Cal.App.2d 820, 822 [69 Cal.Rptr. 288]: "In effect [appellant is asking] us to re-write the Tort Claim Act of 1963."

We are asked to interpret, for the first time, what the statute means when it says in section 945.6, subdivision (a)(1), *personally delivered or deposited in the mail*. Plaintiff's counsel urges his client's written rejection notice was *personally delivered* when it was handed to his secretary by the postal employee who secured her signature on the return receipt card.

We begin with the fundamental rule that a "court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.]" (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) In determining such intent, "[t]he court turns first to the words themselves for the answer." (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1], cert. den. 340 U.S. 879 [95 L.Ed. 639, 71 S.Ct. 117].) We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them." (*In re Alpine* (1928) 203 Cal. 731, 737 [265 P. 947, 58 A.L.R. 1500].) "[A] construction making some words surplusage is to be avoided [citation]." (*Watkins* v. *Real Estate Commissioner* (1960) 182 Cal.App.2d 397, 400 [6 Cal.Rptr. 191].) "When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear." (*Johnstone* v. *Richardson* (1951) 103 Cal.App.2d 41, 46 [229 P.2d 9].) With these principles in mind, we turn to the statute.

The current language was part of a 1970 amendment to section 945.6, subdivision (a)(1). The Law Revision Commission comments to the amendment discuss the running of the statute of limitations: "The triggering date generally will be the date the notice is deposited in the mail or personally delivered to the claimant, at which time the claimant will receive a warning that he has a limited time within which to sue and a suggestion that he consult an attorney of his choice. See Government Code Section 913. No time limit is prescribed within which the public entity must give the notice, but the claimant is permitted six months from the date that the notice is given to file suit."

In *Smith* v. *City and County of San Francisco, supra*, 68 Cal.App.3d 227, 230, we are reminded that "[t]he prescribed statutes of limitations for commencement of actions against the state 'are mandatory and must be strictly complied with . . . .' [Citations.]"

According to plaintiff's counsel, we are asked to interpret section 945.6, subdivision (a)(1), to read that an action must be commenced six months from the date the public entity deposits the rejection notice in the mail by first class delivery only, and six months and one day if it is by first class, certified with a return receipt requested. As we said in *Smith, supra*, such an interpretation "obviously does violence to any reasonable sense of semantics." (68 Cal.App.3d at p. 231.)

As Professor Reed Dickerson said in The Interpretation and Application of Statutes (1975) "[I]t is presumed that one part of a statute is not intended to contradict another part of the same statute. . . . [I]t is based . . . on the observed fact that inconsistency almost always frustrates rather than advances human purposes, including those that motivate the enactment of statutes." (*Id.*, at p. 224.)

Further, we are guided by Professor Dickerson's "plain meaning rule": "The 'plain meaning rule' says, in brief, that if the statute is plain, the court may not go beyond it to find another meaning. This well-known exclusionary doctrine was invoked in *Lake County* v. *Rollins*, in which the United States Supreme Court said, more specifically:

"'If the words convey a definite meaning, which involves no absurdity, nor any contradiction of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted, and neither the courts nor the legislature have the right to add to it or take away from it.'" (*Id.*, at p. 239.)

The plain meaning of section 945.6, subdivision (a)(1), is that the statute of limitations therein begins to run when the written rejection notice is deposited in the mail to the claimant, or is personally delivered, but not when it is delivered by the postal employee after having been deposited in the mail pursuant to section 913.

As was said in *Smith, supra*, 68 Cal.App.3d at page 231: "The purpose was obviously to make more certain the period within which an action must be filed. If the intent was to prescribe one period of time

upon personal delivery of notice of a claim's rejection and another upon deposit of it in the mail, we must reasonably assume the Legislature would have said so. (See *Rosas* v. *Montgomery*, 10 Cal.App.3d 77, 90 [88 Cal.Rptr. 907, 43 A.L.R.3d 537].)"

Finally, regarding the plaintiff's contention that notice is not effective until personally delivered, the words of section 915.2 reject this argument: "[T]he . . . notice shall be deemed to have been presented and received at the time of the deposit [in the mail]."

CONCLUSION

■ We hold that the use of certified mail with a return receipt requested goes to the evidentiary foundation of the proof of the public entity's deposit in the mail of a written rejection of a claim under the Tort Claims Act. ■ The statute of limitations therein commences to run from the date the notice is deposited in the mail by the public entity, and not the date that it is received by the claimant or counsel.

The judgment is affirmed.

Cologne, Acting P. J., concurred.

**WIENER, J.**—I respectfully dissent.

Because plaintiff was one day late in the superior court, the majority denies him his right to litigate his claim timely presented to the public entity and filed within the one-year period generally governing his suit. (Code Civ. Proc., § 340.) In order to fully appreciate this holding, an examination of the respective purposes of the Tort Claims Act (§ 900 et seq., Claims Act)[1] and Code of Civil Procedure section 1013 is helpful.

Claim requirements against a public entity satisfy dual goals. "'First, they give the governmental entity an opportunity to settle just claims before suit is brought. Second, they permit the entity to make an early investigation of the facts on which a claim is based, thus enabling it to defend itself against unjust claims and to correct the conditions or practices which gave rise to the claim.'" (Cal. Government Tort Liability (Cont.Ed.Bar 1964) § 8.5, p. 361, quoting Cal. Law Revision Com. Rep.)

---

[1]All statutory references are to the Government Code unless otherwise specified.

These goals are furthered by statutes of limitations which prescribe reasonable periods of time for the filing of claims. "[T]he primary purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available. ... The statutes, accordingly, serve a distinct public purpose, preventing the assertion of demands which through the unexcused lapse of time, have been rendered difficult or impossible to defend." (*Addison* v. *State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941].)

Although lip service is still given to the statement that "'statutes of limitations for commencement of actions against the state "are mandatory and must be strictly complied with"'" (*Addison* v. *State of California, supra*, 21 Cal.3d at p. 316), we have been told that we should strive "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." (*Ibid.*)

Judicial perception of the Claims Act has prompted a concern that it not be interpreted in a manner which will "snare the unwary where its purpose has been satisfied ...." (*Elias* v. *San Bernardino County Flood Control Dist.* (1977) 68 Cal.App.3d 70, 74 [135 Cal.Rptr. 621].) This empathetic and understanding judicial attitude allows litigants who are not fully cognizant of the technical demands of the statute to substantially comply with its requirements and still gain access to the courtroom for a full trial. (*Id.*, at p. 74.) To this end, the Legislature has provided reasonable notice for presentation of a claim against a public entity is within 100 days after the accrual of the cause of action (§ 911.2), but where the failure to present the claim was "through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced" (§ 911.6), an additional 265 days is permitted provided the public entity consents to the filing of the late claim (§ 911.4). A judicial interpretation of a legislative scheme which results in giving the untimely claimant up to 19 1/2 months to file his claim and lawsuit compared to the timely claimant who only has about 11 months to do the same is indeed paradoxical. (§§ 911.2, 911.4, 911.6.)

The suggestion that legitimate judicial concern either does, or should, disappear because the timely claimant always has superior knowledge as to when his lawsuit must be filed is a questionable premise. There is no rational basis to treat the diligent claimant more harshly than the tardy claimant where the purpose of the statute is satisfied and the pub-

lic entity sustains no prejudice. (But see *Hunter* v. *County of Los Angeles* (1968) 262 Cal.App.2d 820, 822 [69 Cal.Rptr. 288].) The fact that the plaintiff here is a timely claimant who has satisfied the purposes of the Claims Act should work for, and not against, him.

Code of Civil Procedure section 1013 was enacted "to make allowance for the uncertainties of mail delivery by giving recipients of mailed notices or papers longer time to act or exercise their rights." (*Review of Selected 1974 Cal. Legislation* (1975) 6 Pacific L.J. 219.) The Legislature, aware of the vagaries of the postal service and the unfairness to persons who might be prejudiced because of the time lapse between the deposit of a notice in the mail and the actual receipt of that notice, provided for extensions of 5, 10, or 20 days, depending on the location of the addressee. The purpose of that section was to assure that even something as simple as computing time should comport with our basic notion of fair play, i.e., one should have actual knowledge of impending action affecting one's rights before that action is taken.

Within these parameters, certain rules of statutory construction are important. The fundamental function of statutory interpretation is to determine the intent of the Legislature in order to effectuate the purpose of the laws. (*Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 132 [142 Cal.Rptr. 325]; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) Whenever possible, statutes should be harmonized to give a common sense construction to the language which will lead to a wise result rather than to mischief or absurdity. (*Anaheim Union Water Co.* v. *Franchise Tax Bd.* (1972) 26 Cal.App.3d 95, 105-106 [102 Cal.Rptr. 692].) "[P]ractical construction [should] be given to the language employed by the draftsmen of legislation lest their purposes be too easily nullified by overrefined inquiries into the meanings of words." (*People* v. *Deibert* (1953) 117 Cal.App.2d 410, 418 [256 P.2d 355].)

One of the purposes of the Claims Act is to assure that a rejected claimant receives notice. Section 913, subdivision (b), requires that the notice include a warning explaining the individual has only six months from the date the notice was personally delivered or deposited in the mail to file a court action. The spirit underlying that provision is to make sure that rejected claimants be apprised of the status of their claim. That spirit is certainly consistent with Code of Civil Procedure section 1013, subdivision (a), which was enacted to insure that individuals will not be deprived of rights because of errant mail service. The

Legislature, desiring a rejected claimant to have six months to file his suit, provided the accrual of the running of that period of time should start with personal delivery of the notice (actual knowledge), or when the individual is presumed to have constructive knowledge, i.e. date of mailing plus five days. Construed in this manner, the six months is a constant period starting from either actual knowledge or constructive knowledge of the rejected claim.

Here, the majority's holding, depriving plaintiff of his day in court, cannot be grounded on the rationale that to do otherwise would frustrate the purpose of the Claims Act. Plaintiff's timely presentation of his claim placed the public entity on notice permitting it to make whatever investigation or attempts at settlement it deemed appropriate. I see no reason to go beyond the plain meaning of this provision when its language is clear and unambiguous.

In 1967, the Legislature amended Code of Civil Procedure section 1013 to exclude "filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code [Civil Procedure] or notice of appeal" from its purview. (Stats. 1967, ch. 169, § 6, p. 1267.) Also, each code provision regarding the above procedures was amended to specifically exclude Civil Procedure section 1013. Presumably, the Legislature knew what it was saying and meant what it said (*Pac. Gas & E. Co. v. Shasta Dam etc. Dist.* (1955) 135 Cal.App.2d 463, 468 [287 P.2d 841]), for in enacting laws it is presumed to know existing law (*Bailey v. Superior Court* (1977) 19 Cal.3d 970, 977-978, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394]). Had the Legislature intended to provide for another exception, they would have done so. There is no reason to go beyond the plain meaning of these provisions when the language is clear and unambiguous and no uncertainty or doubt as to legislative intent exists. (*Teachers Management & Inv. Corp. v. City of Santa Cruz* (1976) 64 Cal.App.3d 438, 446 [134 Cal.Rptr. 523].) However, even in the case of uncertainty, the rule of construction *expressio unius est exclusio alterius* (the expression of certain things in a statute necessarily involves exclusion of other things not expressed) precludes the court from creating further exceptions. (See *Henderson v. Mann Theatres Corp.* (1976) 65 Cal.App.3d 397, 403 [135 Cal.Rptr. 266], cert. den. 434 U.S. 825 [54 L.Ed.2d 83, 98 S.Ct. 73]; *Gilgert v. Stocton Port District* (1936) 7 Cal.2d 384, 387 [60 P.2d 847].)

The majority prefers to interpret the legislation as construed in *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227 [137 Cal.Rptr. 146], where the court created an exception to Code of Civil Procedure section 1013. However, my independent research has failed to produce any other situation where the courts have refused to apply Code of Civil Procedure section 1013 to extend time where one of the five[2] specific exceptions was not involved[3] or a rule specifically stated it was not to be extended.[4]

This court is not bound by *Smith* (see 6 Witkin, Cal. Procedure (1979 supp.) Appeal, § 667, p. 98), and I do not find its rationale persuasive.

The *Smith* court was overly preoccupied with what it thought to be the mathematical uncertainty if the six months were to be computed from date of personal delivery but the rejected claimant would have six months and five days if Code of Civil Procedure section 1013 were to be applied. This alleged uncertainty is nonexistent if the accrual periods

---

[2]There have been additional exceptions created by legislative enactments which are not mentioned in Code of Civil Procedure section 1013. First, operative in 1970, Code of Civil Procedure section 413.20 was added to exclude service of summons by mail. (Stats. 1969, ch. 1610, § 3, pp. 3362, 3365.) "The provisions governing mail service of summons contain their own time provisions, which do not vary depending on the distance which separates the sender and the addressee." (Comment-Judicial Council, Code Civ. Proc., § 413.20.) Second, in 1977, section 594 of the Code of Civil Procedure was amended to add, "The time provisions of Section 1013 shall not serve to extend the notice of trial requirements under this subdivision for unlawful detainer actions." (Stats. 1977, ch. 1257, § 19.5, pp. 4753, 4762; see, e.g., *Highland Plastics, Inc.* v. *Enders* (1980) 109 Cal.App.3d Supp. 1 [167 Cal.Rptr. 353].)

[3]In *Highland Plastics, Inc.* v. *Enders, supra,* 109 Cal.App.3d Supp. at p. 8, footnote 4, the court expresses a view that the Legislature intended Code of Civil Procedure section 1013 apply only to service of documents subsequent to the filing and service of a complaint. Had this been their intent they would have so stated rather than creating specific exceptions for unlawful detainers and service of summons. There is no special attachment between the word complaint and the scope of Code of Civil Procedure section 1013. The courts have extended time in several noncomplaint situations such as appeals from decisions and orders of administrative agencies (*Pesce* v. *Dept. of Alcoholic Bev. Control* (1958) 51 Cal.2d 310, 312-313 [333 P.2d 15]; *Sinclair* v. *Baker* (1963) 219 Cal.App.2d 817, 822 [33 Cal.Rptr. 522]; response to discharge forfeiture of bond (*People* v. *National Auto & Cas. Ins. Co.* (1979) 92 Cal.App.3d 907 [155 Cal.Rptr. 602] [to which I concurred]); modification of judgment for order after final decree of dissolution was entered (*West* v. *West* (1979) 92 Cal.App.3d 120 [154 Cal.Rptr. 667]); and notice for modification of order changing custody (*Parker* v. *Parker* (1974) 43 Cal.App.3d 610 [117 Cal.Rptr. 707]).

[4]California Rules of Court, rule 1616, Trial After Arbitration, specifically states in subdivision (a): "The 20-day period within which to request trial may not be extended." (See *Amoroso* v. *Superior Court* (1979) 89 Cal.App.3d 240 [152 Cal.Rptr. 398].)

start when the rejected claimant has either actual or constructive knowledge. Even if it can be rationally concluded that there are disparate periods, I should not think fastidiousness with mathematical certainty should prompt an unjust result, particularly where the authority underlying *Smith* has been weakened (see *Addison, supra*, 21 Cal.3d 313) or questioned (see, e.g. *Savage* v. *State of California* (1970) 4 Cal.App.3d 793 [84 Cal.Rptr. 650].)

A case should not be used as authority for an issue neither raised nor discussed. The case here is a summary judgment question involving certified mail, a different problem than that presented in *Smith*. Although I believe section 1013, subdivision (a), is sufficient reason to conclude plaintiff's action was timely filed, I note plaintiff's counsel, in opposition to the motion, raised a factual question pertaining to his receipt of the rejected claim. Counsel declared that after reading the warning on the County's rejection form he reasonably concluded the certified letter which required his secretary's signature acknowledging receipt was personally delivered on the date she signed the form and accordingly he calendared the six months from that date. On these uncontroverted facts, plaintiff's counsel may neither be called untruthful nor irrational. A summary judgment may not be granted where there are triable issues of material fact. I would reverse the judgment.

Appellant's petition for a hearing by the Supreme Court was denied July 29, 1981. Bird, C. J., was of the opinion that the petition should be granted.