[No. B023687. Second Dist., Div. Seven. Mar. 11, 1988.]

ANGEL GONZALES et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Medearis & Grimm, Dale Grimm and Silvio Natale for Plaintiffs and Appellants.

De Witt W. Clinton, County Counsel, and Patrick A. Wu, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—Plaintiffs, Angel Gonzales, Wence Gonzales, Christopher Mellendez and Raul Pulido, appeal from the summary judgment in favor of defendants, Los Angeles County et al. (county). The summary judgment was granted on the sole ground that plaintiffs' action, having been

filed 182 days after notice of the county's rejection of their claim, was barred by the six-month statute of limitations of Government Code section 945.6.[1]

At issue is the statutory meaning of the term "six months" of section 945.6. To harmonize sections 6803 and 6804 and to eliminate any ambiguity in the two statutes, we construe the six-month limitation period of section 945.6 to mean six calendar months, or 182 days, whichever is longer. Because of this statutory construction, we hold that the complaint was timely filed. We will therefore reverse the judgment.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 1982, plaintiffs were arrested by county sheriffs for assault and battery. Plaintiffs allege that they were falsely arrested, assaulted and battered, and suffered emotional distress. On November 1, 1982, plaintiffs timely filed claims with county for damages pursuant to section § 945.4. On January 20, 1983, county denied plaintiffs' claims, advising them in writing that, pursuant to section 945.6, plaintiffs only had six months after the date the denial notice was deposited in the mail to file a court action on their claim.

On July 21, 1983, plaintiffs filed their complaint for damages for assault and battery, intentional and negligent infliction of emotional distress and false imprisonment. County moved for summary judgment on the ground that plaintiffs failed to file their lawsuit within the six-month time limitation. In opposition, plaintiffs claimed their complaint was timely because it was filed within 182 days. The court granted county's motion and ordered summary judgment entered on August 25, 1986. This appeal followed.

## DISCUSSION

■   Plaintiffs contend that summary judgment was improperly granted because their action, filed 182 days after notice of the county's rejection of their claim, was not barred by the statute of limitations of section 945.6. We agree.

Section 945.6 provides in relevant part that "any suit brought against a public entity on a cause of action for which a claim is required to be

---

[1] Unless otherwise stated, all statutory references are to the Government Code.

[2] Since we conclude that the summary judgment must be reversed, we need not reach plaintiffs' contention that their motion to set aside and reconsider the summary judgment should have been granted because the facts of their complaint also state a cause of action under the federal civil rights act (42 U.S.C. § 1983) which is not subject to section 945.6's six-month limitation.

presented . . . must be commenced: [¶] (1) If written notice is given . . . not later than six months after the date such notice is personally delivered or deposited in the mail."

At issue is the interpretation of the term "six months." The basic problem with the computation of the limitation period herein arises from the irregularity in the number of days in a month in our calendar. As a result, although six calendar months always equals one half year, the number of days contained in six calendar months varies, ranging from 181 to 184 days.

Section 6800 et seq. govern computation of time. Although section 6804 provides that " '[m]onth' means a calendar month, unless otherwise expressed" (see also, Civ. Code § 14, subd. 4; Code Civ. Proc., § 17, subd. 4), section 6803 provides that " 'year' means a period of 365 days" and " 'half year,' " means a period of " '182 days.' " "[I]n ordinary usage one year is the equivalent of twelve months and . . . half a year must be the equivalent of six months." (*Davis* v. *Thayer* (1980) 113 Cal.App.3d 892, 902 [170 Cal.Rptr. 328].) To harmonize sections 6803 and 6804 and eliminate any ambiguity, we construe section 945.6's six-month bar to mean an action must be filed within six calendar months or 182 days, whichever is longer.

In *Davis,* the court construed the term "six months" in Code of Civil Procedure section 473 in light of the preceding statutory sections. (113 Cal.App.3d at pp. 901-903.) The *Davis* court held that six months was the equivalent of half a year and therefore, under section 6803, of 182 days. (*Id.,* at p. 903.) Accordingly, the *Davis* court concluded that the defendants' motion for relief from default, filed, as here, one day more than six calendar months but within 182 days, was timely. (*Ibid.*)[3]

County argues that *Davis* is distinguishable because it involved the interpretation of Code of Civil Procedure section 473, a remedial statute which must be liberally construed. County points out that statutes of limitations for commencement of actions against the state and its political subdivisions are mandatory and must be strictly complied with. (See, e.g., *Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718, 726 [173 Cal.Rptr. 4], *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 90 [31 Cal.Rptr. 524].) But that proposition does not preclude our construction of the meaning of the language of the statute.

The rationale of *Davis* is applicable here. Indeed, *Davis* explicitly based its conclusion on principles governing limitation of actions. ■ As the

---

[3] Code of Civil Procedure section 473 provides that application for relief must be made "in no case exceeding six months" after judgment. The default in *Davis* was entered on November 3 and the motion filed the following May 4. (113 Cal.App.3d at p. 903.)

*Davis* court explained: "Where a statute establishing a time limitation is susceptible of several possible interpretations a liberal rule of construction is applied, and the ' . . . computation of time should be so made as to protect a right and prevent a forfeiture if this can be done without violating a clear intention or a positive statutory provision. As has been said, when the legislature requires a thing to be done within a certain time and deprives a party of a right for omitting to do it, the most liberal construction ought to be chosen and the furthest time given from which the reckoning is to be made.' (34 Am.Jur., Limitation of Actions, § 252, p. 207. . .)" (113 Cal.App.3d at p. 903.)

█ There is a strong public policy that seeks to dispose of litigation on the merits wherever possible, rather than on procedural grounds. (*Barrington* v. *A. H. Robins Co.* (1985) 39 Cal.3d 146, 152 [216 Cal.Rptr. 405, 702 P.2d 563].) Because of this strong public policy, the statute of limitations is said to be a disfavored defense. (*Ibid.*) █ Statutorily imposed limitations on actions are technical defenses which should be strictly construed to avoid the forfeiture of a plaintiff's rights. (*Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 56 [210 Cal.Rptr. 781, 694 P.2d 1153]; *Nelson* v. *Flintkote Co.* (1985) 172 Cal.App.3d 727, 734 [218 Cal.Rptr. 562].) " 'Such limitations are obstacles to just claims and the courts may not indulge in a strained construction to apply these statutes to the facts of a particular case.' " (*Steketee, supra,* at p. 56; *Nelson, supra,* at p. 734.)

County's reliance on *Edgington* v. *County of San Diego* (1981) 118 Cal.App.3d 39 [173 Cal.Rptr. 225] is misplaced. In *Edgington,* the court, construing the phrase "personally delivered or deposited in the mail" (§ 945.6 subd. (a) (1)), held that the plain meaning of the section was that the six-month limitations period begins to run when the written rejection notice is deposited in the mail by the public entity, or is personally delivered, not when it is delivered to claimant or counsel by the postal employee after having been deposited in the mail. (118 Cal.App.3d at pp. 46-47.) It is true that *Edgington* stated that the complaint was filed one day late and by now calculating the number of days that had elapsed, we can determine that it was actually filed 182 days after the rejection notice was deposited in the mail. But neither the meaning of the term "six months" nor section 6803 was ever raised or discussed in *Edgington.* We therefore do not consider it persuasive authority on the issue herein. (See *Davis* v. *Thayer, supra,* 113 Cal.App.3d at p. 904.)

█ Our conclusion that a governmental tort claims action is timely if filed within six calendar months or 182 days after the claims rejection notice is mailed not only harmonizes sections 6803 and 6804 but also comports with the strong public policy in favor of giving a litigant his day in court.

Furthermore, it avoids the drawbacks of adopting one computation method exclusively. Although ordinarily, a calculation by merely adding six calendar months has the advantage of simplicity, it can cause confusion[4] and theoretically could be manipulated by the government entity to allow the plaintiff the least amount of time in which to file an action. On the other hand, to set an absolute limit of 182 days, regardless of whether six calendar months have elapsed, would cut off the rights of other plaintiffs who otherwise would have 183 or 184 days[5] and might also snare the unwary.

■ Moreover, the purpose of the statute is to insure that claims are not stale and evidence is available. (*DeLeon* v. *Bay Area Rapid Transit Dist.* (1983) 33 Cal.3d 456, 459 [189 Cal.Rptr. 181, 658 P.2d 108]; *Addison* v. *State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941].) Our construction of the statute which, at most, would extend the running for one or two days more than half of the calendar months of the year "would not interfere with the purpose of the statute since such a brief extension would be innocuous to the availability of witnesses and evidence." (*DeLeon* v. *Bay Area Rapid Transit Dist., supra,* 33 Cal.3d. at p. 459.)

■ Accordingly, we conclude that plaintiffs' action was timely filed and the trial court erred in granting summary judgment.

## DISPOSITION

The judgment is reversed and the cause remanded to the superior court for further proceedings consistent with the views expressed herein. Plaintiffs are entitled to costs on appeal.

Lillie, P. J., and Johnson, J., concurred.

Respondents' petition for review by the Supreme Court was denied May 25, 1988.

---

[4] For example, if the claims rejection notice was mailed on August 29, 30, or 31, the action would still have to be filed by the following February 28. Similarly, those mailed on March 30 or 31 would require filing by September 30, on September 30 by May 31, on May 31 by November 30, on October 31 by April 30, or on December 31 by June 30.

[5] By a calendar interpretation, plaintiffs whose claim rejection notices are mailed during the months of March through August have 183 or 184 days in which to file.