[No. B070733. Second Dist., Div. Five. Mar. 24, 1993.]

CITY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MARK KATZ et al., Real Parties in Interest.

## COUNSEL

James K. Hahn, City Attorney, Thomas C. Hokinson, Assistant City Attorney, Katherine J. Hamilton and Gregory P. Orland, Deputy City Attorneys, for Petitioner.

No appearance for Respondent.

Kinsella, Boesch, Fujikawa & Towle, Gregory J. Aldisert and Alan R. Kossoff for Real Parties in Interest.

## OPINION

**TURNER, P. J.—**

### I. Introduction

Petitioner, the City of Los Angeles, seeks a writ of mandate directing the respondent court to grant its motion for summary judgment. Because plaintiffs' lawsuit and petition for relief from the claims requirement were not

timely filed, the summary judgment motion should have been granted. Accordingly, the petition is granted.[1]

## II. FACTS AND PROCEDURAL HISTORY

Plaintiffs Mark and Janette Katz suffered damages to their real and personal property when a city sewer backed up and "flooded the entire house with human waste and other raw sewage." Plaintiffs alleged in their complaint that this occurred on or about April 9, 1990. On April 5, 1991, plaintiffs submitted to the city a claim for $62,225 in damages to their real and personal property. (Gov. Code, § 911.2.)[2] On April 19, 1991, the city denied the claim as untimely because it was not filed within six months after the date on which the damage occurred. Plaintiffs were advised that they could seek leave from the city to present a late claim. (§ 911.4.)[3]

In a letter to the city dated April 26, 1991, plaintiffs asserted that their real property damage claim was timely pursuant to section 911.2 because it was filed within one year after accrual of the claim. Plaintiffs requested leave to file a late claim with respect to personal property damage. The city replied to plaintiffs' April 26 letter on July 17, 1991. The city agreed that the portion of plaintiffs' claim dealing with real property damage was timely filed. However, the city denied the real property damage claim on the ground that it had no prior notice of the condition which caused the damage. (§§ 835, 835.2, 835.4.) The city also denied plaintiffs' request for leave to file a late claim with respect to the personal property damage.

On January 22, 1992, plaintiffs filed this action in the respondent court, seeking general, special, and punitive damages. On the same day, plaintiffs

---

[1] Originally, we issued a notice to plaintiffs of our intention to grant the petition and offered them an opportunity to file a written opposition pursuant to *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893]. However, after our Supreme Court issued its opinion in *Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 34-35 [13 Cal.Rptr.2d 856, 840 P.2d 961], we set the case for oral argument. We have deemed the two documents filed by plaintiffs, a response and set of exhibits, to be a complete denial of all of the mandate petition's allegations.

[2] Government Code section 911.2 provides: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action." All further statutory references are to the Government Code unless otherwise indicated.

[3] Section 911.4 provides in pertinent part: "(a) When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim."

submitted to the respondent court an application pursuant to section 946.6 relieving them from the claims requirement of section 945.4.[4] Both the civil suit and the application for relief from the claims requirement were assigned the same case number. The application was granted by Judge Irving Shimer on February 20, 1992. A chart detailing the applicable dates is attached as an appendix to this opinion.

On July 1, 1992, the city filed a summary judgment motion on two grounds: with respect to the real property claim, plaintiffs neglected to file their complaint in superior court within the six-month statutory time period set forth in section 945.6, subdivision (a)(1); and as to the personal property losses, they failed to file their petition for relief from the claim filing requirements within six months after their application was denied, as required by section 946.6, subdivision (b).[5]

The respondent court denied the city's summary judgment motion on September 22, 1992. In its minute order of that date, the court indicated it had denied the motion "to bring the [the] case within [the] theory of Judge Shimer's order granting relief to file a late claim." The court further ruled there was a triable issue of fact "as to whether [plaintiffs'] claim was in fact late." Finally, the court cited the "Farrell case" (referring to *Farrell* v. *County of Placer* (1944) 23 Cal.2d 624, 626-631 [145 P.2d 570, 153 A.L.R. 323]), which plaintiffs had cited for the proposition that while compliance with the claims statute was mandatory and a prerequisite to their right to sue, the requirement was "essentially procedural in nature" and not jurisdictional.

---

[4]Section 945.4 provides: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

[5]Section 945.6, subdivision (a)(1), provides: "Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail."

Section 946.6, subdivision (b), provides: "The petition shall show each of the following: (1) That application was made to the board under Section 911.4 and was denied or deemed denied. (2) The reason for failure to present the claim within the time limit specified in Section 911.2. (3) The information required by Section 910. The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6."

## III. DISCUSSION

### A. *Personal Property Losses*

■ As a matter of law, plaintiffs did not file their petition for relief from the claims requirement in superior court as to the personal property losses pursuant to section 946.6 in a timely fashion. The time for filing a request to a public entity for permission to present a late claim is a reasonable time not to exceed one year after the accrual of the cause of action. (§ 911.4, subd. (b).) Once the public entity denies the request for permission to present a late claim pursuant to the provisions of section 911.6, a petition challenging the public entity's decision may be filed in a court. As previously noted, that petition must be filed "within six months after the application to the board is denied or deemed denied pursuant to section 911.6." (§ 946.6, subd. (b).)

In a letter dated July 17, 1991, the city notified plaintiffs that their request for permission to file a late claim as to the personal property losses was denied. Mr. Katz read the July 17, 1991, letter on July 22, 1991. Pursuant to section 945.6, subdivision (a)(1), plaintiffs were required to file their petition for relief from the claims requirement in superior court not later than six months after that letter was either personally delivered or deposited in the mail. If the letter was deposited in the mail on July 17, 1991, plaintiffs' lawsuit, filed January 22, 1992, was untimely. Therefore, the petition was granted by Judge Shimer in violation of the six-month statute of limitations for filing a petition for relief from the claims requirement set forth in section 946.6, subdivision (b).

In their opposition to the mandate petition, plaintiffs assert that there is a triable issue of fact as to when the letter was mailed. This is untrue. In support of the motion for summary judgment, Tammy Mar, a senior legal clerk for the city attorney's office who typed the July 17, 1992, letter, submitted a declaration stating, "Without any equivocation, any letter regarding a claim prepared by me is placed by me in the United States mail on the date contained on said letter." Plaintiffs did not present any evidence to contradict this declaration, and in fact plaintiffs have conceded that the six-month period for filing a petition for relief from the claims requirement (§ 946.6) started to run on July 17, 1991. In a declaration supporting his application for relief from the claims requirement, Mr. Katz stated he "relied on the City's representation in its July 17, 1991, letter that our late claim application was denied as of July 17, 1991," and he therefore "believed that the six month period to file the petition [for relief from the claims filing statute] commenced on July 17, 1991. . . ."

██ A motion for summary judgment is an appropriate means for raising the issue of whether a petition pursuant to section 946.6 was timely filed. ██ The correctness of rulings pursuant to section 946.6 may be challenged by means of a demurrer in the lawsuit filed after relief was granted from the claims requirement and on direct appeal. (See *Tuolumne Air Service, Inc.* v. *Turlock Irrigation Dist.* (1978) 87 Cal.App.3d 248, 250-253 [150 Cal.Rptr. 809].) ██ Two purposes of the summary judgment law are "to penetrate evasive language and adept pleading" (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46]) and to " 'expedite litigation by avoiding needless trials' " (*Buffalo Arms, Inc.* v. *Remler Co.* (1960) 179 Cal.App.2d 700, 703 [4 Cal.Rptr. 103]). ██ The intent of the Tort Claims Act "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances . . . ." (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 838) [129 Cal.Rptr. 453, 548 P.2d 1125]. Permitting a party to utilize a summary judgment motion to attack the timeliness of a petition for relief from the claims requirement pursuant to section 946.6 serves the goals of both bodies of law.

██ In denying the city's motion for summary judgment, the respondent court appears to have accepted plaintiffs' argument that their failure to comply with the statute of limitations for filing a petition for relief from the claims requirement is a procedural, but not jurisdictional, hurdle. (*Farrell* v. *County of Placer, supra,* 23 Cal.2d at pp. 626-631.) In the portion of *Farrell* on which plaintiffs rely, the Supreme Court held that the timely filing of a *claim* was "nothing more than a procedural requirement as to the [government] agency, which, as to the claimant, may be excused by estoppel." (*Id.* at p. 631). *Farrell* did not address the issue presented here, which is the timeliness of a petition pursuant to section 946.6. The Court of Appeal has described the procedure for obtaining relief under section 946.6 as follows: "The procedure set forth in section 946.6 is simply an avenue of relief similar to Code of Civil Procedure section 473 in providing relief from default [citation], and is not designed to resolve the issue of actual compliance with the claim filing requirements." (*Ngo* v. *County of Los Angeles* (1989) 207 Cal.App.3d 946, 951 [255 Cal.Rptr. 140].) If the public entity denies an application for leave to file a late claim, the claimant must obtain a court order for relief from the requirements of the claims act before filing suit. Our colleagues in Division Six of this appellate district have noted: "A petition for such an order must be filed with the court within six months after the application is denied or deemed denied. (§§ 946.6, subd. (b); 911.6.)" (*Rason* v. *Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 823 [247 Cal.Rptr. 492].) The failure to timely comply with the Government Code requirements concerning claims bars a subsequent suit. (*City of San*

*Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 454 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223]; *Ridley* v. *City etc of San Francisco* (1969) 272 Cal.App.2d 290, 292 [77 Cal.Rptr. 199].) Here, plaintiffs were required to file their petition pursuant to section 946.6 within six months of July 17, 1991, and they failed to do so. Plaintiffs' action for recovery of personal property damages is therefore barred.

Plaintiffs contend that the respondent court appropriately deferred to Judge Shimer's ruling that "the deadline for filing a late claim petition under Section 946.6 is procedural, not jurisdictional." In our view, plaintiffs have read too much into Judge Shimer's remarks at the February 20, 1992, hearing. Judge Shimer did not find that the deadline for filing a late claim petition under section 946.6 was "procedural, not jurisdictional." Rather, he merely commented in passing that the deadline "can't be jurisdictional if it can be waived . . . ." His comments at the hearing indicate that he exercised his discretion to grant plaintiffs' petition for relief from the claims requirement because they had missed the filing deadline by only five days and the city was "in a lawsuit anyway" with respect to the real property issues.[6] Judge Shimer did not make any ruling on the issue of whether plaintiffs met the statutory requirements for granting a petition to file a late claim.[7]

■ Also, Judge Shimer's ruling was not entitled to the collateral estoppel effect which the respondent court gave it. ■ Although an order *denying* permission to file a late claim is an appealable and final decision which has collateral estoppel effect (*County of Los Angeles* v. *Superior Court* (1985) 169 Cal.App.3d 1095, 1100-1101 [215 Cal.Rptr. 699]; *Gurrola* v. *County of Los Angeles* (1984) 153 Cal.App.3d 145, 151 [200 Cal.Rptr. 157]), an order *granting* a petition pursuant to section 946.6 for relief from the claims statute is not a final appealable order. (*County of Alameda* v. *Superior Court* (1987) 196 Cal.App.3d 619, 622 [242 Cal.Rptr. 215]; *Church* v. *County of Humboldt* (1967) 248 Cal.App.2d 855, 857 [57 Cal.Rptr. 79].) ■ Nonfinal nonappealable orders are subject to reconsideration at any time prior to judgment even in the absence of newly discovered evidence. (*Dick* v. *Superior Court* (1986) 185 Cal.App.3d 1159, 1163, fn. 5 [230

---

[6]The court stated: "I was under a misapprehension in preparing this thing. I thought it was more than five days. If I am wrong and it's only five days, since you're already in a lawsuit as to the real property damage part of it, I can't be distressed at the thought of waiving the statutory deadline for a five-day delinquency." The court also commented that the lawsuit was "subject to whatever defenses the City may raise, including the failure [to comply] with the tort claims filing requirement," which is precisely what the city did when it filed the summary judgment motion.

[7]Under section 946.6, subdivision (c), the court must find that the failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes it would be prejudiced if relief were granted, or the person who sustained the alleged injury, damage or loss was a minor or was incapacitated during the filing period, or died before the expiration of that time limitation.

Cal.Rptr. 297]; accord, *Ziller Electronics Lab GmbH* v. *Superior Court* (1988) 206 Cal.App.3d 1222, 1230 [254 Cal.Rptr. 410].) ■ Further, in order for a prior ruling to be given collateral estoppel or issue preclusion effect, the question of law or fact must be "actually litigated and determined by a valid and final judgment." (Rest.2d, Judgments, § 27; accord, *Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 910 [226 Cal.Rptr. 558, 718 P.2d 920].) The application for relief from the claims requirement in the present case has not yet resulted in any final judgment. Therefore, the application for relief from the claims requirement was untimely.

### B. *Real Property Losses*

■ As to the real property damage, the issue is not as complex or close. The city denied the claim on the merits on July 17, 1991. The written rejection contained an explicit warning as to the six-month period of limitation for filing a lawsuit as required by section 913, subdivision (b). Suit had to be filed within six months of the date the denial was deposited in the mail. (§ 945.6, subd. (a)(1); *Anson* v. *County of Merced* (1988) 202 Cal.App.3d 1195, 1200 [249 Cal.Rptr. 457].) Suit was filed January 22, 1992, more than six months or one hundred eighty-two days (*Gonzales* v. *County of Los Angeles* (1988) 199 Cal.App.3d 601, 604 [245 Cal.Rptr. 112]) after the July 17, 1991, written denial of the real property loss claim. Suit was therefore untimely and the city is entitled to judgment as to the real property losses. (*Tubbs* v. *Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671, 674-679 [63 Cal.Rptr. 377, 433 P.2d 169]; Cal. Government Tort Liability Practice (Cont.Ed.Bar 1992) pp. 825-826.)

### IV. DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of September 22, 1992, denying the motion of defendant City of Los Angeles for summary judgment and enter a new and different order granting the motion. The City of Los Angeles shall recover its costs in connection with proceedings in this court jointly and severally from plaintiffs Mark and Janette Katz.

Grignon, J., and DeVanon, J.,* concurred.

---

*Judge of the Municipal Court for the Glendale Judicial District sitting under assignment by the Chairperson of the Judicial Council.

## Appendix

1. Damage occured: 4-9-90

2. Claim for personal and
 real property damage
 filed with city: 4-5-91

3. Claim denied as untimely: 4-19-91

4. Plaintiffs sought
 permission for leave to
 file a late claim
 (§ 911.4) with city and
 argued real property damage
 claim is timely: 4-26-91

5. City denied permission
 to file late claim for
 personal property loss
 and denies real property
 claim on merits: 7-17-91

> It was this gap between 7-17-91 and 1-22-92, when suit and the petition for relief from the claims requirement were filed, that was the basis of the summary judgment motion.

6. Plaintiffs filed suit on
 merits and petition for
 relief from the claims
 requirement as to the
 personal property losses: 1-22-92