[Civ. No. 32690.   Second Dist., Div. Five.   Apr. 28, 1969.]

CALVIN KENDRICK, Plaintiff and Appellant, v. CITY OF LA MIRADA, Defendant and Respondent.

Charles Hamel for Plaintiff and Appellant.

Ball, Hunt, Hart & Brown and Clyde C. Berry for Defendant and Respondent.

AISO, J.—Plaintiff Calvin Kendrick brought this action against the defendant City of La Mirada (hereafter "city") for damages for personal injuries and property damage alleging the city's negligence in maintaining its street in an unsafe manner and in failing to provide adequate warnings of the unsafe conditions. Pursuant to section 597 of the Code of Civil Procedure and the pretrial order, the issue of plaintiff's compliance *vel non* with section 912 of the Government Code[1] was tried to the court prior to the trial on the merits. The court found against plaintiff on this issue and rendered judgment for defendant. Plaintiff's motion for new trial was denied. He appeals from the judgment.

I.

Plaintiff was injured on March 4, 1964, when the motorcycle he was riding collided with the curb of a public street in defendant city. He retained an attorney to prosecute his claim for damages arising from the accident.

The attorney set about immediately to ascertain whether the *locus* of the accident was located in the city or in the unincorporated territory of Los Angeles County. He instructed his law clerk to make inquiry of the city for this purpose. A person answering the call on behalf of the city (identity not revealed in the record) informed the law clerk that the *locus* was not within the city limits and was in county territory. To verify this information, the law clerk telephoned the offices of Los Angeles County. Whereupon, he was told that the *locus* was within the geographical limits of the city. A second telephone call to the city hall resulted in the same response as that elicited upon the first phone call.

To protect plaintiff's interests, the attorney filed a claim for damages with the county on June 4, 1964. The county rejected the claim by letter dated July 9, 1964, stating: "We have been advised by the County Road Department that this area is within the City of La Mirada; and, therefore, the County would have no responsibility for the injuries sustained by the claimant herein."

Thereafter on July 24, 1964, a date more than 100 days

---

[1]Section 912 was repealed in 1965; however, the parties to the action agreed that the section as it read in 1964 is the applicable statute. All references hereafter to sections of a statute refer to sections of the Government Code prior to the 1965 amendments unless otherwise indicated.

after the accident, the law clerk mailed a ''Letter of Notice of Liability for Negligence'' to the city ''to formally make claim against the City of La Mirada as being responsible for injuries inflicted on our client, CALVIN KENDRICK.'' This claim was rejected on July 29, 1964, as being neither in proper form nor timely filed. A new form letter, ''Letter of Notice for Claim Against the City of La Mirada'' and an ''Application for Leave to File a Late Claim under the California Government Code Section 911.4'' were prepared and submitted to the city, which took no action on these documents. The claim was thus denied by operation of law. Without thereafter seeking relief from the superior court under section 912 of the Government Code, plaintiff filed this action on March 4, 1965.

The case went to trial on plaintiff's second amended complaint and defendant's answer thereto, as amended, which denied negligence and affirmatively pleaded contributory negligence and plaintiff's failure to comply with section 912.

The trial court found that plaintiff had neither complied with section 912 nor had made sufficient showing to excuse compliance therewith. Accordingly, judgment was entered in favor of defendant city and against plaintiff.

## II.

Was plaintiff required to petition the court for leave to file a late claim under section 912 after the city's rejection of permission to file a late claim, but prior to his filing the instant action? We hold that he was so required.

Pertinent portions of section 912 read as follows:

''. . . (b) The superior court shall grant leave to present a claim after the expiration of the time specified in Section 911.2[2] if the court finds that the application to the board under Section 911.4[3] was made within a reasonable time not to exceed one year after the accrual of the cause of action

[2]Section 911.2: ''A claim relating to a cause of action for . . . injury to person or to personal property . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action. . . .''

[3]Section 911.4: ''When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim. The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) of this chapter within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application.''

and was denied or deemed denied pursuant to Section 911.6[4] and that:

"(1) The failure to present the claim was through mistake inadvertence, surprise or excusable neglect unless the public entity against which the claim is made establishes that it would be prejudiced if leave to present the claim were granted; . . .

"(c) . . . The petition shall be filed within 20 days after the application to the board is denied or deemed denied. . . ."

Plaintiff's application for leave to file a late claim, accompanied by his proposed claim, was filed with the city on October 9, 1964. Since the city took no action on these papers, they were deemed denied by operation of law 35 days later on (Friday) November 13, 1964, under section 911.6. He had until December 3, 1964, to petition for relief in the superior court under section 912. He did not seek such relief. Compliance with section 912 was mandatory unless excused on the basis of equitable estoppel.

*Rand* v. *Andreatta* (1964) 60 Cal.2d 846 [36 Cal.Rptr. 846, 389 P.2d 382] is authoritative here. *Rand* was decided under former section 716, which was the forerunner of section 912. There was, however, a significant difference between the provisions of former section 716 and those of section 912. Under the former section, only three grounds for granting permission to file a late claim were specified: (1) if the claimant were a minor during the entire claim period, (2) if the claimant were physically or mentally disabled during the entire claim period and such disability was the cause for his failure to file a timely claim, and (3) if the claimant died during the claim period. To these three, a fourth ground was added in section 912: if the failure to file a timely claim was due to "mistake, inadvertence, surprise or excusable neglect" of the claimant and the public entity would not be prejudiced by permitting late filing of the claim. The addition of this fourth ground in section 912 is pivotal to the disposition of this case.

In *Rand,* the failure to file a claim with the public entity prior to filing of the action against the entity was held to be tantamount to having filed no claim whatsoever. The accident

---

[4]Section 911.6: "(a) The board shall grant or deny the application within 35 days after it is presented to the board. If the board does not act upon the application within 35 days after the application is presented, the application shall be deemed to have been denied on the 35th day. (b) The board shall grant the application where: (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2. . . ."

in that case had occurred on April 5, 1960, but the plaintiff therein had not contacted a lawyer until around October 17, 1960. The reason claimed for not consulting a lawyer sooner was that she had been contacted by a claims representative of the defendants therein, who had "advised plaintiff (an uneducated Negro woman) that she did not need counsel and that it would not be necessary for her to retain counsel; that all her rights would be protected. . . ." (60 Cal.2d at p. 850.) The court found that, under the circumstances stated, the public entity was estopped from asserting her failure to file a claim, but inquired further: "Since plaintiff did not seek relief under former section 716 of the Government Code, is she now prohibited from relying on the doctrine of estoppel?" (Italics omitted.) The court held, "No," because none of the three grounds set forth in former section 716 covered her situation and therefore she "had no standing to petition for the relief provided therein." (*Ibid.*, at page 851.)

Implicit in that holding is that if plaintiff had standing under the statute to seek judicial relief for late filing, such procedure would have been necessary. Assuming *arguendo* that the erroneous information twice given by the city employee to plaintiff's counsel that the *locus* of the accident was not within the city limits created an estoppel, plaintiff nevertheless was required to petition for judicial relief under section 912. The record reflects that plaintiff was alive and not disabled from executing a claim to be filed by his counsel. Nothing in the record suggests that he was a minor during the claim period. He had standing and could have petitioned for relief on the grounds that his failure to file a timely claim was due to his mistake, inadvertence, surprise or excusable neglect. He failed to pursue the procedure required by section 912; that omission was fatal.

The critical issue is not whether defendant city is estopped from asserting plaintiff's noncompliance with the 100-day provision under section 911.2, but rather whether plaintiff failed to pursue his remedy under section 912 when his claim was deemed denied by operation of law. No facts justifying his failure to comply with section 912 appear in the record. The 1965 statutory amendments relaxed the period within which one must petition for judicial relief to dispense with the presentation of a late claim. (Gov. Code, § 946.6.) However, they did not dispense with the necessity of first obtaining judicial relief before filing an action where the entity (board)

has denied the application to present a late claim, either by express denial or by non-action and denial by operation of law. (Gov. Code, § 945.4.)

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.