[Civ. No. 66322. Second Dist., Div. Two. Feb. 7, 1983.]

ROBERT R. LINEAWEAVER, Plaintiff and Appellant, v. SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT, Defendant and Respondent.

COUNSEL

Jack R. Willis for Plaintiff and Appellant.

McHale & Connor and Philip C. Allen for Defendant and Respondent.

OPINION

ROTH, P. J.—On June 8, 1979, appellant Robert R. Lineaweaver allegedly was a victim of an accident involving one of respondent transit district's buses. Having failed to file a timely claim in respect thereof, agreeably with Government Code section 911.2,[1] he made application on January 14, 1980, for leave to file a late claim pursuant to section 911.4,[2] which application we deemed

---

[1]"A claim relating to a cause of action . . . for injury to person . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action."

All statutory references herein are to the Government Code.

[2]"(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim. . . ."

denied on or about March 1 the same year.[3] In contravention of section 945.4,[4] and on May 31, 1980, appellant filed his complaint for personal injury arising out of the accident. When respondent demurred on the grounds no timely claim had been submitted nor had relief been granted or even sought pursuant to section 946.6,[5] appellant filed in succession two amended complaints, the last of which, filed April 9, 1981, was ultimately deemed by the trial court to be, as well, a petition under the last cited statute. That petition was then also denied, in an order which provides the basis for this appeal.

Concisely describing the procedure which should have been followed in the instant matter, the court in *Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718 at page 723 [173 Cal.Rptr. 4] observed that: "Section 911.2 requires that a claim relating to personal injury must be presented to a public entity within 100 days following accrual of the cause of action. When such a claim has not been timely presented, section 911.4 permits written application to the public entity for leave to file a late claim. If the public entity denies such an application, section 946.6, subdivision (a), authorizes a petition to the superior court for relief from the provisions of section 945.4 requiring the presentation of a written claim to a public entity before an action for damages may be brought against it."

■ The difficulty here, of course, is that appellant's section 946.6 petition, such as it was, failed to comply with the requirement of subdivision (b) of that statute that "The petition shall be filed within six months after the application to the board [for leave to file a late claim] is denied or deemed to be denied pursuant to Section 911.6." (See fn. 5, *ante.*)

Appellant contends here that failure is of no moment, and, in an argument which misapprehends the nature and content of the procedure outlined above, that the six month restriction of section 946.6, subdivision (b) is not properly to

---

[3]Section 911.6 provides in part that:

"(a) The board shall grant or deny the application [for late filing] within 45 days after it is presented to the board. . . .

". . . . . . . . . . . . . . . . . .

"(c) If the board fails or refuses to act on an application within the time prescribed by this section, the application shall be deemed to have been denied on the 45th day . . . ."

[4]"Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, . . ."

It should be noted this section and section 912.4 speak in terms of the claim itself, while sections 911.6 and 946.6 have to do with the application for leave to present that claim.

[5]"(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4. . . .

"(b) The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6."

be understood as a statute of limitation. The trial court thought otherwise. So do we.

Thus in *Dominguez* v. *County of Butte* (1966) 241 Cal.App.2d 164, 168 [50 Cal.Rptr. 448], it was concluded the time requirement found in section 912, the predecessor statute to section 946.6, was mandatory rather than discretionary, since: "No good reason appears for a determination that the legislative intent in enacting section 912 was that a claimant, dilatory in presenting a claim against a public body and being permitted to apply for relief therefrom, should, when such relief is denied, not be held to a strict compliance with the time require-ment for application to the superior court for relief." (See also *Harvey* v. *City of Holtville* (1967) 252 Cal.App.2d 595, 597 [60 Cal.Rptr. 635]; cf. *Los Angeles City Sch. Dist.* v. *Superior Court* (1970) 9 Cal.App.3d 459 [88 Cal.Rptr. 286].) And while a comparison of section 912 and section 946.6 reveals various distinctions between the two (see *Los Angeles City Sch. Dist.* v. *Superior Court, supra,* 9 Cal.App.3d 459, 468), the character of their respec-tive time limitations is not one of them.

The order appealed from is affirmed.

Compton, J., and Gates, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1983.