[No. F062010. Fifth Dist. Mar. 1, 2012.]

D.C., a Minor, etc., Plaintiff and Appellant, v.
OAKDALE JOINT UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

## COUNSEL

Loughrey & Associates, Tamara L. Loughrey and Evan Goldsen for Plaintiff and Appellant.

Halkides, Morgan & Kelley and John P. Kelley for Defendants and Respondents.

## OPINION

**FRANSON, J.—**

### INTRODUCTION

In California, a public entity is not liable for damages unless a statute provides for it. (Gov. Code, § 815, subd. (a).)[1] Public entity tort liability is statutory. (*Peterson v. San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 809 [205 Cal.Rptr. 842, 685 P.2d 1193].) Under the California Government Claims Act (§ 810 et seq.), with some exceptions, a suit for damages may not be brought against a public entity unless a written claim has been presented to the public entity and has been totally or partially denied by that entity's governing board, or has been deemed rejected by the board due to the board's failure to act upon it within a specified time. (§ 945.4.) A claim must be presented within a statutory deadline, usually within six months of accrual of a cause of action. (§ 911.2, subd. (a).) If the six-month deadline is not met, an application to the public entity for leave to present a late claim may be made. (§ 915, subd. (a).) That application must be presented to the public entity within a reasonable time not to exceed one year

---

[1] All further statutory references are to the Government Code unless noted otherwise.

after the accrual of the cause of action, and shall state the reason for the delay in presenting the claim. (§ 911.4, subd. (b).) The board shall grant or deny the application for leave within 45 days after it is presented to the board, or within such further time as the parties may agree in writing before the expiration of the 45-day period. (§ 911.6, subd. (a).) If the board fails or refuses to act on the application for leave to present a late claim, the application is deemed denied on the 45th day or the last day specified in the written extension agreement of the parties. (§ 911.6, subd. (c).)

The matter presently before us involves the next step in the tort claim process after a board has denied an application for leave to present a late claim. Section 911.8, a statute at issue in this case, states that "[w]ritten notice of the board's action upon the application [for leave] shall be given [to the appropriate party] . . . ." (§ 911.8, subd. (a).) The statute further provides that "[i]f the application is denied, the notice shall include a warning . . ." advising the applicant that " '[i]f you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (claims presentation requirement)' " and that " '[s]uch petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied.' " (§ 911.8, subd. (b).)

This six-month limitation is codified in section 946.6, subdivision (b)(3), which states in pertinent part: "The petition [for an order relieving the petitioner from the section 945.4 claims presentation requirement] shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6."

In this case, appellant D.C. presented his application for leave to present a late claim to respondent Oakdale Joint Unified School District (the School District) on or about April 28, 2010.[2] On June 9, 43 days from April 28, the School District sent appellant's counsel a rejection notice stating "[t]he application for leave to present a late claim that you filed with the Oakdale Joint Unified School District on behalf of [D.C.] . . . was denied by the Board of Trustees." On December 3, less than six months after June 9, appellant filed a section 946.6 petition in superior court for an order relieving him of the claims filing requirements. The School District's opposition to the petition argued that appellant's petition was untimely. The opposition included a declaration from the superintendent of the School District stating that appellant's application for leave to present a late claim had been denied by the School District's board of trustees at their regular meeting on May 10. The superior court agreed with the School District that because December 3 was more than six months after the board of trustees's May 10 rejection of

---

[2] All references to dates are to the year 2010 unless otherwise noted.

appellant's application, appellant's superior court petition for relief from the section 945.4 claims filing requirements was untimely. The court therefore denied the petition.[3]

In this case we hold that in order to constitute "[w]ritten notice of the board's action upon the application" as described in section 911.8, subdivision (a) the document purporting to be "written notice of the board's action" must include the date on which the board's action was taken. As we shall explain, that is what we conclude the Legislature meant by its use of the word "notice." We also hold that, under the circumstances of this case, appellant should be permitted to plead and attempt to prove that respondents are estopped from asserting the section 946.6, subdivision (b), six-month limitation as a defense to his petition for relief from the claims filing requirements.

## FACTUAL AND PROCEDURAL BACKGROUND

The claims appellant has attempted to present to the School District and the Office of Education pertain to those entities' alleged mishandling of his behavioral difficulties when he was a six-year-old student in the School District in 2009. As we have already mentioned, appellant presented an application for leave to present late claims to these two entities on or about April 28.

On June 9, the School District sent appellant's counsel a letter, which stated in its entirety (minus its address, salutation and closing):

"The application for leave to present a late claim that you filed with the Oakdale Joint Unified School District on behalf of [D.C.] . . . was denied by the Board of Trustees.

"WARNING: If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code section 945.4, claims presentation requirement. See Government Code section 946.6. Such petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied.

"Please advise the [C.'s] they have the right to seek the advice of an attorney of their choice in connection with this matter. If they chose [sic] to consult an attorney, they should do so immediately."

---

[3] As we will explain in more detail in the text of our opinion, on April 28 appellant also submitted a similar application for leave to file a late claim with respondent Stanislaus County Office of Education (Office of Education), received a similar denial letter dated June 11 from the Office of Education, filed a December 3 petition for relief from the claims filing requirements, and obtained the same result—a denial of the petition.

On June 11, the Office of Education sent appellant a letter, which stated in its entirety (minus its address, salutation and closing):

"The application for leave to present a late claim that you filed with the Stanislaus County Office of Education on behalf of [D.C.] . . . was denied.

"WARNING: If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code section 945.4, claims presentation requirement. See Government Code section 946.6. Such petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied.

"Please advise the [C.'s] they have the right to seek the advice of an attorney of their choice in connection with this matter. If they chose [*sic*] to consult an attorney, they should do so immediately."

Neither of these notices contained the date upon which the respective boards denied petitioner's application. As mentioned, on December 3 appellant filed in the superior court his section 946.6 petition for relief from the section 945.4 claims filing requirements. The petition alleged that his "application for permission to file a late claim was denied by [the School District] on June 9, 2010 and by [the Office of Education] on June 11, 2010." Along with the petition was a declaration of appellant's guardian ad litem stating that she had "received" the two above quoted letters (which were addressed to her attorney, Ms. Loughery), and the letters were attached to the declaration. A declaration of Ms. Loughery was also submitted. Her declaration also included attached copies of the two letters and described them as the "letters notifying Petitioner that his Request to file a late claim was denied."

The School District and the Office of Education, jointly represented by the same counsel, opposed appellant's petition. As mentioned, the School District also presented a declaration from its superintendent stating that appellant's claim had in fact been denied on May 10. However, no evidence was presented by anyone as to the precise date on which the Office of Education denied appellant's application. These public entities argued that appellant had not met his burden of demonstrating that his December 3 petition had been filed within six months of the denials of his applications for leave to file present late claims. The superior court agreed with the School District and the Office of Education that appellant had failed to demonstrate a timely filing of his petition, and denied the petition.

## THE PARTIES' CONTENTIONS

This case presents two key issues. First, did the School District and the Office of Education violate the notice requirement of section 911.8 by not

including the date of denial with the notice? Second, assuming they did, are they estopped from asserting a statute of limitations defense under section 946.6, subdivision (b) if the petition was not filed within six months after the application to the boards was denied? Appellant contends that section 911.8 was violated and respondents contend it was not. As we shall explain, we agree with appellant. As to the second issue, appellant contends that a public entity may not rely on what is essentially a statute of limitations (§ 946.6, subd. (b)) if the public entity has violated section 911.8 by not giving notice of the date of a board's denial. Respondents' position on that issue is not clear, but in any event, as we shall explain, we conclude that in appropriate circumstances a public entity might be estopped from relying on the section 946.6, subdivision (b) limitation.

## GOVERNMENT CODE SECTION 911.8

Section 911.8 states in its entirety:

"(a) Written notice of the board's action upon the application shall be given in the manner prescribed by Section 915.4.

"(b) If the application is denied, the notice shall include a warning in substantially the following form:

" 'WARNING

" 'If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (claims presentation requirement). See Government Code Section 946.6. Such petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied.

" 'You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' "

■ "When construing a statute, we must 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387 [20 Cal.Rptr.2d 523, 853 P.2d 978].) The words of the statute are the starting point. 'Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .' (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115,

755 P.2d 299] (*Lungren*).) If the language permits more than one reasonable interpretation, however, the court looks 'to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1008 [239 Cal.Rptr. 656, 741 P.2d 154].) After considering these extrinsic aids, we 'must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' (*People* v. *Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224].)" (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 977–978 [90 Cal.Rptr.2d 260, 987 P.2d 727].)

■  First, we observe that the statutory language requiring a section 911.8 notice be "given in the manner prescribed by Section 915.4" (§ 911.8, subd. (a)) pertains to the "methods" (§ 915.4) by which the notice may be given. That is what section 915.4 addresses. Nothing in section 915.4 addresses the issue of what information the notice must contain. As to the content of the notice, it is clear from the statutory scheme that the only "action" the board can take on an application for leave to file a late claim is to grant that application or deny it. We can conceive of no information a "notice of the board's action upon the application" could possibly contain other than (1) whether the application was granted or denied, (2) the date upon which the grant or denial occurred, and (3) the warning language described in subdivision (b) of section 911.8. By analogy, the concept that "notice" of a court's action must, in some circumstances, include the date upon which that judicial action was taken is so basic that numerous statutes pertaining to giving "notice" of a judicial action do not expressly state that the date of the judicial action must be included in the notice. (See, e.g., Code Civ. Proc., § 664.5, subd. (b) ["the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action"].) This is so even though important rights of litigants, such as the time within which to file an appeal, may depend upon the date of the judicial action that is the subject of the notice. (See, e.g., Cal. Rules of Court, rule 8.104(a); Code Civ. Proc., § 901.) We cannot conceive that the Legislature envisioned notice of a board's action to be viewed any differently.

■  We think the obvious intent of subdivision (b) of section 911.8 was to give an unsuccessful applicant the information that applicant would need in order to file a timely section 946.6 petition. The subdivision (b) language stating that " '[s]uch petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied' " envisions, we conclude, that the section 911.8, subdivision (a) "[w]ritten notice" has told the unsuccessful applicant the date on which the

applicant's application for leave to present a late claim was denied. Must the petitioner initiate a search for the date from which the six months begins to run? We conclude not.

Respondents argue that because section 913, a statute describing what the board's "action taken" on an actual claim should contain, expressly mentions that such a notice should indicate the date on which the board's action on the claim was taken, and because section 911.8 contains no such language, we should infer that the Legislature's intent was for a section 911.8 "notice of the board's action" not to include the date of the board's action upon the application. That argument fails because section 911.8 similarly does not expressly state that the "notice of the board's action upon the application" must inform the applicant that the application was granted or denied. It simply states that notice must be given that the board acted. Thus, under respondents' view, carried to its logical conclusion, the section 911.8 notice would contain nothing but a statement that the board acted and the warning language of subdivision (b) of section 911.8. Such a "notice" would not advise the claimant of any particular action taken by the board.

■ Furthermore, it appears that an applicant seeking leave from a public entity to file a late claim might well be better off with no section 911.8 notice at all, than with a "notice" of the type given by the respondents in this case. Without any notice at all of a board's action on an application, the applicant would be inclined to inquire about that issue, particularly if 45 days had passed since the application seeking leave was filed, to find out if and when the board had acted.[4] Given that notices of any type of "action" are generally understood, we think, to include the date upon which the action was taken, a notice of the type utilized here may well serve to mislead the applicant into believing that the board's action was taken on the only date appearing on the "notice." This is especially so when the date of the actual notice is still within the 45-day limit to accept or reject an application for leave, as it was in the present case—42 days. ■ We therefore hold that a "notice of the board's action upon the application" (§ 911.8, subd. (a)) must include not only information as to whether the board granted or denied the application, but also the date upon which the grant or denial was made. Unless the date of the board's action is contained in the denial notice, we conclude that in appropriate circumstances a public entity might be estopped from relying on the section 946.6, subdivision (b) limitation.[5]

---

[4] Section 911.6 states that a board shall grant or deny the application for leave within 45 days after it is presented to the board, or within such further time as the parties may agree in writing before the expiration of the 45-day period.

[5] In *Rason v. Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 824 [247 Cal.Rptr. 492] (*Rason*), cited by respondents in support of their respective cases, the issue was whether the six-month deadline was triggered by the date of denial by the board or the date

## GOVERNMENT CODE SECTION 946.6

■ The pertinent portion of section 946.6, found in subdivision (b) of the statute, states with regard to a petition to the court for an order relieving the petitioner from the claims filing requirements of section 945.4: "The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6." (§ 946.6, subd. (b)(3).) This section 946.6, subdivision (b) language operates as a statute of limitations. It is mandatory, not discretionary. (*Lineaweaver v. Southern California Rapid Transit Dist.* (1983) 139 Cal.App.3d 738 [189 Cal.Rptr. 29]; accord, *City of Los Angeles v. Superior Court* (1993) 14 Cal.App.4th 621, 627–628 [17 Cal.Rptr.2d 703]; *Rason, supra,* 201 Cal.App.3d at pp. 823–827.) "The intent of the Tort Claims Act 'is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances . . . .' [Citation.]" (*City of Los Angeles, supra,* 14 Cal.App.4th at p. 627.)

■ Case law has recognized, however, that the doctrine of estoppel may apply to estop a public entity from blocking a section 946.6 petition due to the running of the six-month period. (*Rason, supra,* 201 Cal.App.3d 817, 825; *Estate of Pieper* (1964) 224 Cal.App.2d 670, 690–691 [37 Cal.Rptr. 46] [regarding estoppel generally].) Although appellant's argument to the superior court, and to this court, suggests that appellant was misled by respondents' letters, no actual evidence was presented to the superior court on that issue. ■ "[W]hether an estoppel exists—whether the acts, representations or conduct lulled a party into a sense of security preventing him from instituting proceedings before the running of the statute, and whether the party relied thereon to his prejudice—is a question of fact and not of law." (*Estate of Pieper, supra,* 224 Cal.App.2d at pp. 690–691.)

We see nothing in the record on appeal to indicate that appellant had any expectation that respondents would be asserting a section 946.6, subdivision (b), statute of limitations defense to appellant's petition until after appellant's petition was filed and respondents asserted that defense. Under these circumstances, we conclude the appropriate disposition of this case is to reverse the superior court's order, and remand the matter to that court with instructions to allow appellant the opportunity to amend his petition, should

when the notice of denial was received, where the notice contained the actual date of denial. *Rason* held that the clock begins to run on the six-month limitation for filing a petition for relief from the claims filing requirement on the date of the denial, not the date of notice of that denial, citing section 946.6, subdivision (b). The issue in the present case, however, is whether the notice must contain the date of denial. *Rason* did not address the issue of whether the notice must include the date of denial, since that date was included in the notice in that case. (201 Cal.App.3d at p. 825.)

he wish to do so, to allege that each respondent is estopped to assert the six-month section 946.6, subdivision (b) defense.

## DISPOSITION

The superior court's order denying appellant's petition is reversed and the matter is remanded to the trial court with instructions to allow appellant the opportunity to amend his petition to allege that each respondent is estopped to assert the six-month section 946.6, subdivision (b) defense, and to allow the parties to present evidence in support of and in opposition to any such amended petition.

Wiseman, Acting P. J., and Cornell, J., concurred.