Filed 10/22/15 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| J.M., a Minor, etc., | |
|    Plaintiff and Appellant, | G049773 |
|      v. | (Super. Ct. No. 30-2013-00684104) |
| HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT, | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |
|    Defendant and Respondent. | |


It is ordered that the opinion filed herein on September 30, 2015, be modified as follows:

After the fourth paragraph, which starts on page 18 and continues to page 19, beginning "Section 911.8, subdivision (a) requires a board," add the following new paragraph:

In a petition for rehearing, J.M. argues our conclusion "rewards and incentivizes" government entities for not acting on applications for leave to present a late claim. Section 911.8, subdivision (a) reflects the Legislature's choice to require written notice only when the government entity acts on an application for leave to present a late

claim and affirmatively denies it. An application for leave to present a late claim is deemed denied by inaction 45 days after the application is presented to the governing board. (§ 911.6(c).) That date can be determined easily. If, within that timeframe, the claimant receives no notice of a board's action, then the claimant can conclude the application was denied by operation of law and can calculate the last day for filing a petition to the superior court under section 946.6.

This modification does not effect a change in judgment. The petition for rehearing is DENIED.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

Filed 9/30/15 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| J.M., a Minor, etc., | |
| Plaintiff and Appellant, | G049773 |
| v. | (Super. Ct. No. 30-2013-00684104) |
| HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Kirk H. Nakamura, Judge. Affirmed. Request for judicial notice. Granted.

Gusdorff Law, Janet R. Gusdorff; Russell & Lazarus and Christopher E. Russell for Plaintiff and Appellant.

McCune & Harber, Stephen M. Harber and Dominic A. Quiller for Defendant and Respondent.

INTRODUCTION

The Government Claims Act, found at section 810 et seq. of the Government Code,[1] sets forth procedures and requirements that must be satisfied before filing suit against a public entity for tort relief. Compliance with the Government Claims Act is mandatory, and failure to present a claim "'is fatal to a cause of action.'" (*McMartin v. County of Los Angeles* (1988) 202 Cal.App.3d 848, 858.) Those who seek relief against a public entity are well advised to heed the warning of Justice Oliver Wendell Holmes: "Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with." (*Rock Island &c. R. R. v. United States* (1920) 254 U.S. 141, 143.)

In this case, J.M. did not comply with the conditions of the Government Claims Act. He did not present a claim with the board of the Huntington Beach Union High School District (the District) within six months of the date on which his causes of action accrued, as required by sections 945.4 and 911.2. He retained counsel, who timely presented an application under section 911.4 to present a late claim on the ground J.M. was a minor. The District did not act on the application, and, as a consequence, under the express language of section 911.6, subdivision (c) (section 911.6(c)), his application was deemed denied by operation of law.

J.M., still represented by counsel, filed a petition in the superior court under section 946.6 for relief from the claim requirement. The superior court denied his petition as untimely because it was not filed within six months of the date on which his

---

[1] Title 1, division 3.6, parts 1 through 7 of the Government Code (Gov. Code, § 810 et seq.) is referred to as the Government Claims Act. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 742.) Further code references are to the Government Code unless otherwise noted.

application to present a late claim was deemed denied by operation of law. J.M. appeals from the superior court's order denying his petition for relief under section 946.6. Such an order is appealable. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435, fn. 8.)

The plain, unambiguous language of sections 911.6 and 946.6 compels us to affirm. J.M.'s application to present a late claim was made under section 911.6, subdivision (b)(2) on the ground that he was a minor at the time he was required to present a claim. Because the District did not act, under the plain language of section 911.6(c), J.M.'s application was deemed denied by operation of law on the 45th day after it was presented. Section 911.6(c) states: "If the board fails or refuses to act on an application within the time prescribed by this section, the application shall be deemed to have been denied on the 45th day . . . ."

When an application is denied by operation of law under section 911.6(c), a claimant can challenge that denial only by petition to the superior court under section 946.6 for relief from the claim requirement. Section 946.6, subdivision (b) (section 946.6(b)) states in unambiguous terms: "The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6." J.M. filed his petition to the superior court more than six months after his application to present a late claim was deemed denied by operation of law. J.M.'s petition therefore was untimely, and the superior court did not err by denying it.

### FACTS AND PROCEDURAL HISTORY

On October 27, 2011, J.M., a 15-year-old student at Fountain Valley High School, suffered head trauma when he was tackled during a school-sponsored football game. He continued to participate in full-contact football practice, and began to experience headaches, dizziness, and nausea.

J.M.'s causes of action for personal injury against the District accrued no later than October 31, 2011, when a doctor diagnosed J.M. with double concussion

3

syndrome.  (§ 901.)  J.M. did not present a claim to the District within six months of the date of accrual of his causes of action, as required by the Government Claims Act.  He retained counsel and, on October 24, 2012, his counsel presented an application for leave to present a late claim pursuant to section 911.4 on the ground that J.M. was a minor for the entire six-month period following the accrual of his causes of action.  The District did not act upon the application.

On October 28, 2013, J.M., still represented by counsel, filed a petition under section 946.6 to the superior court for an order relieving him from the claim requirement.  The superior court denied J.M.'s petition as untimely because it was filed more than six months after the date on which his application to present a late claim was deemed to have been denied by the District's inaction.  J.M. timely appealed.

## DISCUSSION

### I.

### Standard of Review and Principles of
### Statutory Interpretation

We review the denial of a petition for relief from the claim requirement under the abuse of discretion standard.  (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275; *Ebersol v. Cowan*, *supra*, 35 Cal.3d at p. 435.)  That discretion is not "unfettered" and "must be exercised in conformity with the spirit of the law."  (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293.)

We review issues of statutory interpretation de novo.  (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 (*Kavanaugh*).)  The fundamental task of statutory interpretation is to ascertain the Legislature's intent to effectuate the statute's purpose.  (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.)  In ascertaining the Legislature's intent, we first consider the language of the statute itself,

4

giving the words used their ordinary meaning.  (*Ibid.*)  If the statutory language is unambiguous, the plain meaning controls and consideration of extrinsic sources to determine the Legislature's intent is unnecessary.  (*Kavanaugh*, *supra*, 29 Cal.4th at p. 919.)  We read the statute as a whole to harmonize and give effect to all parts. (*Ste. Marie v. Riverside County Regional Park & Open-Space Dist*. (2009) 46 Cal.4th 282, 289.)

## II.

## Relevant Provisions of the Government Claims Act

"The [Government Claims] Act establishes a uniform claims procedure, making the filing of a claim within a brief period of the injury a prerequisite to maintaining a suit for damages."  (*Renteria v. Juvenile Justice, Department of Corrections & Rehabilitation* (2006) 135 Cal.App.4th 903, 908.)  The Government Claims Act is comprised of "a comprehensive format specifying the parameters of governmental liability, including . . . a detailed procedure for the advance filing of a claim as a prerequisite to filing suit" and deadlines for "both the filing of claims and the commencement of litigation."  (*Schmidt v. Southern Cal. Rapid Transit Dist.* (1993) 14 Cal.App.4th 23, 28, fn. omitted.)

Part 3 of division 3.6 of title 1 of the Government Code (§§ 900-935.9) sets forth procedures for presenting claims against public entities.  Part 4 of the same title and division (§ 940 et seq.) sets forth procedures for actions against public entities and public employees.

Section 945.4 requires a party to present a written claim to the public entity before the claimant may bring a lawsuit against that public entity.  Except as provided in sections 946.4 and 946.6, a timely claim must be acted upon or deemed rejected by the board[2] of the public entity before the claimant may file a lawsuit.  (§ 945.4.)

___

[2]  Section 900.2, subdivision (a) defines "'Board'" as the governing body of a local public entity.

"'Compliance with the claims statute [(§ 945.4)] is mandatory and failure to file a claim is fatal to a cause of action.'" (*McMartin v. County of Los Angeles*, *supra*, 202 Cal.App.3d at p. 858). Section 945.6 provides that, once the claim requirement is satisfied, any lawsuit by the claimant must be commenced within six months of receiving written notice or, if no written notice is given, within two years from the accrual of the cause of action. (§ 945.6, subd. (a)(1), (2).)

Section 911.2 sets forth the procedure for presenting a personal injury claim against a public entity. The claimant must present a claim to the board of the public entity within six months of the accrual of the cause of action. (§ 911.2, subd. (a).) A cause of action accrues for purposes of the Government Claims Act at the same time as a similar action against a nonpublic entity accrues for purposes of applying the relevant statute of limitations.[3] (§ 901; *Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1078.) Timely claim presentation is "'"'a condition precedent to plaintiff's maintaining an action against defendant.'"'" (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 209.)

When a claim required by section 911.2 is untimely, the injured party may present a written application to the board for leave to present a late claim. (§ 911.4, subd. (a).) The application for leave to present a late claim, including a copy of the proposed claim, must be presented to the board within a reasonable time not to exceed one year after the accrual of the cause of action and must state the reason for the delay in presenting the claim. (§ 911.4, subd. (b).)

Section 911.6 recognizes that the board may grant, deny, or fail or refuse to act on, an application for leave to present a late claim. Subdivision (a) of section 911.6

---

[3] A personal injury cause of action caused by negligence accrues on the date of injury, unless the discovery rule delays accrual, in which case the cause of action accrues when the plaintiff suspects or should suspect wrongdoing. (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1109-1111.)

6

provides: "The board shall grant or deny the application within 45 days after it is presented to the board. . . ."[4] Section 911.6, subdivision (b) (section 911.6(b)) identifies four circumstances in which the application to present a late claim "shall [be] grant[ed]" by the board.[5] Relevant here is the second circumstance: "The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 . . . ." (§ 911.6(b)(2).)

Section 911.6(c) states: "If the board fails or refuses to act on an application within the time prescribed by this section, the application shall be deemed to have been denied on the 45th day . . . ."

Section 911.8, subdivision (a) provides that "[w]ritten notice of the board's action upon the application" must be given in the prescribed manner. If the board denies the application, the notice must include a warning substantially in the form set forth in section 911.8, subdivision (b). Section 911.8 does not require notice when the board fails or refuses to act on an application.

If the board denies a timely application for leave to present a late claim, or if the application is deemed denied under section 911.6(c), the injured party may petition the superior court for an order relieving him or her from the claim requirement of

---

[4] The claimant and the board may agree to extend the period in which the board is required to act. (§ 911.6, subd. (a).)

[5] The four circumstances are "(1) [t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced in its defense of the claim by the failure to present the claim within the time specified in Section 911.2[,] [¶] (2) [t]he person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim[,] [¶] (3) [t]he person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim . . . ," or "(4) [t]he person who sustained the alleged injury, damage or loss died before the expiration of the time specified in Section 911.2 for the presentation of the claim." (§ 911.6(b)(1)-(4).)

7

section 945.4. (§ 946.6, subds. (a) & (b).)[6] The injured party must file the petition in the superior court "within six months after the application to the board is denied *or deemed to be denied* pursuant to Section 911.6." (§ 946.6(b), italics added.) Failure to comply with time limitations set forth in section 946.6 bars an action on the government claim. (See *Lineaweaver v. Southern California Rapid Transit Dist*. (1983) 139 Cal.App.3d 738, 741 (*Lineaweaver*) [holding the six-month limitation period during which a person may petition the superior court after the board's denial of an application to present a late claim is mandatory]; *Todd v. County of Los Angeles* (1977) 74 Cal.App.3d 661, 665 [minor's action was time-barred when the complaint failed to comply with section 946.6, subdivision (f) because it was filed more than 30 days after the superior court granted minor's petition for relief].)

Section 946.6, subdivision (c) (section 946(c)) provides that the superior court "shall relieve the petitioner from the requirements of Section 945.4" if the application for leave to present a late claim "was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4," the application was denied or deemed denied under section 911.6, and at least one of four circumstances is applicable.

---

[6] Section 946.6, subdivision (a) states: "If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates. If the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court. If an action on the cause of action to which the claim relates would be a limited civil case, a proceeding pursuant to this section is a limited civil case."

Section 946.6(b) states: "The petition shall show each of the following: [¶] (1) That application was made to the board under Section 911.4 and was denied or deemed denied. [¶] (2) The reason for failure to present the claim within the time limit specified in Section 911.2. [¶] (3) The information required by Section 910. [¶] The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6."

8

The four circumstances listed in section 946.6(c) are nearly identical to those listed in section 911.6(b). If the superior court grants the petition, the injured party has 30 days in which to file a lawsuit. (§ 946.6, subd. (f).)

## III.

### J.M.'s Application for Leave to Present a Late Claim Was Deemed Denied by Operation of Law When the District Did Not Act Within 45 Days.

A. *Section 911.6(b)(2) and Section 911.6(c)*

J.M. contends section 911.6(b)(2) and section 911.6(c) contradict each other and are irreconcilable because section 911.6(b)(2) states the board "shall grant the application" when the applicant was a minor, while section 911.6(c) states the application "shall be deemed to have been denied" if the board fails to act within the prescribed time period. According to J.M., the contradiction should be resolved by concluding section 911.6(b)(2) controls so that his timely application to present a late claim was never deemed to have been denied under section 911.6(c).

There is no conflict or contradiction between section 911.6(b)(2) and section 911.6(c). Section 911.6 anticipates that a board may act on an application by granting or denying it, or that a board may do nothing at all. Section 911.6, subdivision (a) states the board "shall grant or deny" an application for leave to present a late claim within 45 days after it is presented to the board. Section 911.6(b)(2) states "[t]he board shall grant the application" when the claimant was a minor during the claim period, which is the situation here. If the board fails or refuses to act within the 45-day period, then section 911.6(c) controls and the application is deemed denied by operation of law. Section 911.6(c) makes no exception when the application presents any of the circumstances listed in section 911.6(b). In this case, because the District did not act on J.M.'s application to present a late claim, section 911.6(c) controls, and the application is deemed denied by operation of law.

9

J.M. focuses on the words "shall grant" in section 911.6(b)(2) as establishing that a board's failure to act on an application within 45 days means, contrary to section 911.6(c), that the application is not deemed denied by operation of law. Although use of the word "shall" indicates a mandatory act (*Tarrant Bell Property, LLC v. Superior Court* (2011) 51 Cal.4th 538, 542), it is possible that a board may, albeit incorrectly, deny outright an application brought under section 911.6(b)(2). (§ 911.6, subd. (a); see, e.g., *Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020, 1022-1023 [defendant public entity denied a minor's application to present a late claim, "informing plaintiff that if he wished to challenge the denial he was required to file a petition in court pursuant to section 946.6 within six months"]; *Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 473 [minor plaintiff's application for leave to present a late claim was denied by the public entity and plaintiff thereafter challenged the denial by petitioning the superior court].) When the board takes action and expressly denies an application brought under section 911.6(b)(2), the injured party must bring a petition under section 946.6 to challenge the board's decision.

In either case—express denial under section 911.6, subdivision (a) or denial by operation of law under section 911.6(c)—the claimant's recourse is to bring a petition under section 946.6 to challenge the denial of the application for leave to present a late claim. The language of section 911.6(c) therefore anticipates the board may mistakenly or consciously disregard the mandatory provisions set forth in section 911.6, subdivisions (a) and (b). If the board's denial, either by action or inaction, is inconsistent with the statutory provisions, it is incumbent upon the claimant to challenge that denial by petition to the superior court under section 946.6.

*Kendrick v. City of La Mirada* (1969) 272 Cal.App.2d 325, 329 (*Kendrick*) supports the proposition that an application for leave to present a late claim may be denied by operation of law notwithstanding the language of section 911.6(b). In *Kendrick*, *supra*, 272 Cal.App.2d at pages 326-327, the public entity denied the plaintiff's

otherwise valid claim as untimely. The plaintiff brought an application for leave to present a late claim under section 911.6(b)(1) on the ground of mistake, inadvertence, surprise, or excusable neglect. (*Kendrick*, *supra*, at pp. 327-328.) The application was denied by operation of law when the public entity failed to act within the required statutory time period. (*Id.* at p. 327.) The plaintiff did not petition the superior court for relief from the claim requirement and instead filed a lawsuit. (*Ibid.*) The Court of Appeal upheld the trial court's judgment to dismiss the plaintiff's lawsuit. (*Id.* at pp. 327, 330.) The Court of Appeal concluded the plaintiff was required by the Government Claims Act to file a petition in the superior court for relief from the claim requirement [7] before filing a lawsuit. (*Kendrick*, *supra*, at pp. 327-328.)

In *Kendrick*, *supra*, 272 Cal.App.2d at pages 327-329, the plaintiff's application to present a late claim was deemed denied by operation of law, notwithstanding the fact the plaintiff had a valid claim under section 911.6(b)(1) based on mistake, inadvertence, surprise, or excusable neglect. The Court of Appeal concluded the plaintiff had to obtain relief in the superior court before filing a lawsuit. (*Kendrick*, *supra*, at pp. 327, 329.)

Although *Kendrick* dealt with section 911.6(b)(1) rather than section 911.6(b)(2), its reasoning would apply to all subparts under section 911.6(b). Section 911.6(b) states a board "shall grant" an application based on any of the four circumstances in subparts (1) through (4) and makes no distinction in treatment among them. Here, J.M.'s application to present a late claim was deemed denied by operation of law, notwithstanding the fact he brought his application under section 911.6(b)(2). J.M., like the plaintiff in *Kendrick*, had to obtain relief in the superior court under section 946.6. J.M. did not obtain relief in the superior court because his petition was untimely filed.

---

[7] *Kendrick* was decided under former section 912, which had been repealed in 1965 in favor of section 946.6. (*Kendrick*, *supra*, 272 Cal.App.2d at p. 326, fn. 1.)

11

J.M. argues the mention by the *Kendrick* court of the "'deemed denial' principle" was not necessary to the decision. We disagree. The *Kendrick* court concluded that the plaintiff was required by the Government Claims Act to file a petition in the superior court for relief from the claim requirement before filing a lawsuit. In *Kendrick*, the board of the public entity did not act on the plaintiff's application.[8] (*Kendrick*, *supra*, 272 Cal.App.2d at p. 326.) Thus, for the *Kendrick* court to have reached the issue whether the plaintiff needed to obtain relief in the superior court before filing a lawsuit, the court would have had to determine the plaintiff's application was deemed denied by operation of law.

J.M. also contends *Kendrick* is distinguishable because the plaintiff in that case never filed a petition for relief in the superior court, let alone an untimely one. The important point in *Kendrick*, which is fully applicable here, is that a plaintiff must *obtain* relief from the superior court before filing a lawsuit. (*Kendrick*, *supra*, 272 Cal.App.2d at pp. 329-330.) J.M. did not obtain relief from the superior court.

J.M. does not explain what the status of his application for leave to present a late claim would be if it were not denied by operation of law under section 911.6(c). The application cannot be said to have been granted because the District did not act on it. Inasmuch as J.M. filed a petition under section 946.6, he does not take that position. Yet, J.M. argues his application was not denied by operation of law. J.M. suggests his application exists in a Government Claims Act limbo, neither granted nor denied, awaiting some future action by the District to save it. Section 911.6 does not permit that situation: When a board fails to act on an application brought under section 911.6(b)(2)

---

[8] At the time *Kendrick* was decided, section 911.6, former subdivision (a) read: "'The board shall grant or deny the application within 35 days after it is presented to the board. If the board does not act upon the application within 35 days after the application is presented, the application shall be deemed to have been denied on the 35th day.'" (*Kendrick*, *supra*, 272 Cal.App.2d at p. 328, fn. 4.)

12

within 45 days, then the application is deemed denied by operation of law under section 911.6(c).

### B. *The Language of Section 946.6 Supports Our Interpretation.*

J.M.'s interpretation of section 911.6 ignores and would nullify the procedure set forth in section 946.6 when a board fails to act on an application brought under section 911.6(b). "An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

Section 946.6(c) requires the superior court to grant a petition for relief if the application presented under section 911.6 was timely, denied or deemed denied, and at least one of four circumstances is met. The four circumstances set forth in section 946.6(c) are nearly identical to those in which an application to present a late claim *must be granted* by the board under section 911.6(b). Section 946.6(c)(2) is identical to section 911.6(b)(2)—"[t]*he person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim.*" (§ 946.6(c)(2), italics added; see § 911.6(b)(2).) Section 946.6(c) thus recognizes a board might deny, either expressly or by operation of law, an application to present a late claim brought on a ground set forth in section 911.6(b) even though section 911.6(b) states such application shall be granted.

Section 946.6(c) requires the superior court to grant a timely section 946.6 petition when an application for leave to present a late claim filed by a minor meets the requirements of section 911.6(b)(2) and the application is deemed denied by operation of law under section 911.6(c). If, as J.M. contends, an application under section 911.6(b)(2)

13

could not be deemed denied by operation of law when a board fails to act, then section 946.6(c) would serve no purpose.

### C. *Request for Judicial Notice*

J.M. has requested we take judicial notice of documents comprising the legislative history of section 911.6. Judicial notice of these materials is appropriate. (Evid. Code, § 452, subds. (a) & (c); *Ennabe v. Manosa* (2014) 58 Cal.4th 697, 709, fn. 9; *El-Attar v. Hollywood Presbyterian Medical Center* (2013) 56 Cal.4th 976, 992.) We grant the request for judicial notice; however, consideration of extrinsic sources to determine the Legislature's intent is unnecessary because the Legislature expressed its purpose in the unambiguous language of section 911.6 itself. (See *Smith v. Superior Court*, *supra*, 39 Cal.4th at p. 83; *Kavanaugh*, *supra*, 29 Cal.4th at p. 919.)

We observe that the legislative history of section 911.6, if considered, is consistent with our reading of section 911.6. J.M. emphasizes two points from the legislative history. First, the Government Claims Act should be liberally construed. (See *Viles v. State of California* (1967) 66 Cal.2d 24, 31.) Construction of section 911.6, no matter how liberal, cannot remove the plain language of section 911.6(c) that an application to present a late claim is deemed denied if the board does not act within 45 days.

Second, J.M. emphasizes, the Legislature intended to treat minors with more leniency than other claimants. Such intent to treat minors with more leniency is built into both section 911.6(b)(2) and section 946.6(c)(2). As J.M. argues, section 911.6(b)(2) does not require a minor to show that the public entity would be prejudiced by a late claim. (See Recommendation Relating to Sovereign Immunity (Jan. 1963) 4 Cal. Law Revision Com. Rep. (1963) p. 1010.) The Legislature also showed leniency to minors when amending the Government Claims Act in 1963 by giving them one year, instead of 100 days, in which to present an application to present a late claim.

14

(Recommendation Relating to Sovereign Immunity, *supra*, 4 Cal. Law Revision Com. Rep. at p. 1010.) The Legislature did not otherwise exempt minors from the requirements and time limits of the Government Claims Act. J.M. has identified nothing in the legislative history materials that suggests the Legislature did not intend for section 911.6(c) to apply to applications brought under section 911.6(b)(2).

## IV.

### J.M.'s Petition Is Time-barred Because It Was Not Filed Within the Six-month Limitations Period Set Forth in Section 946.6.

A. *Compliance with Section 946.6(b) Is a Prerequisite to Filing Suit.*

To challenge the denial of an application to present a late claim, a claimant must file a petition in the superior court "within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6." (§ 946.6(b).) A claimant may file a lawsuit only once the superior court grants a section 946.6 petition for relief from the claim requirement. (§ 946.6, subd. (f).)

Section 946.6(b) operates as a statute of limitations, and its six-month limitations period "is mandatory, not discretionary." (*D.C. v. Oakdale Joint Unified School Dist.* (2012) 203 Cal.App.4th 1572, 1582, citing *Lineaweaver*, *supra*, 139 Cal.App.3d at p. 739.) In *Lineaweaver*, the plaintiff failed to present a timely claim and instead presented an application for leave to present a late claim, which was deemed denied by operation of law when the public entity did not act within 45 days. (*Lineaweaver*, *supra*, at pp. 739-740.) The plaintiff later filed a complaint and two amended complaints, the last of which the trial court deemed to be a petition for relief from the claims requirement under section 946.6. (*Lineaweaver*, *supra*, at p. 740.) The trial court denied the plaintiff's section 946.6 petition as untimely because it was not filed within six months of the date on which the plaintiff's application to present a late claim

15

was denied or deemed denied. (*Ibid.*) The Court of Appeal affirmed the trial court's denial of the petition as untimely and emphasized the six-month limitations period of section 946.6(b) acts as a statute of limitations. (*Lineaweaver*, *supra*, at pp. 740-741.)

The District did not act on J.M.'s application for leave to present a late claim; therefore, it was deemed denied on December 8, 2012, the 45th day after it was presented. J.M.'s counsel filed a petition under section 946.6 on October 28, 2013. The petition under section 946.6 was untimely because it was filed more than six months after the application to present a late claim was deemed denied by operation of law. The superior court did not err by denying J.M.'s petition on the ground it was untimely under the applicable six-month statute of limitations of section 946.6(b).

Our reading of section 946.6 appears to be contrary to *E.M. v. Los Angeles Unified School Dist.* (2011) 194 Cal.App.4th 736 (*E.M.*). In that case, the plaintiff presented a timely application for leave to present a late claim on the ground that she was a minor at all relevant times. (*Id*. at p. 740.) Despite section 911.6(b)(2), the public entity expressly rejected the minor's application for leave to present a late claim. (*E.M.*, *supra*, at p. 740.) Five months after the public entity rejected the application, the minor filed a lawsuit. (*Id*. at p. 741.) Two months after filing the lawsuit and seven months after her application to present a late claim was denied, the minor filed a section 946.6 petition with the superior court, seeking relief from the claim requirement of section 945.4. (*E.M.*, *supra*, at p. 741.) The superior court denied the plaintiff's section 946.6 petition as untimely because it was not filed within six months of the public entity's denial of her application to present a late claim. (*Ibid.*) The lawsuit was dismissed. (*Ibid.*)

A panel of the Court of Appeal, Second Appellate District, Division Three, reversed and reinstated the plaintiff's lawsuit. (*E.M.*, *supra*, 194 Cal.App.4th at p. 749.) The Court of Appeal concluded the plaintiff satisfied the claim requirement of section 945.4 simply by presenting an application for leave to present a late claim. (*E.M.*,

16

*supra*, at p. 748.) The court reasoned the application for leave to present a late claim satisfied the statutory purpose of providing notice of the claim to the public entity. (*Ibid.*) Because the plaintiff satisfied the claim requirement, the Court of Appeal believed it was unnecessary for the plaintiff to bring a petition in the superior court under section 946.6 before filing a lawsuit. (*E.M.*, *supra*, at p. 747.) Even though the superior court had not granted the petition under section 946.6, the Court of Appeal concluded the plaintiff's lawsuit was timely under section 945.6, subdivision (a)(1) because the lawsuit was filed within six months of the board's denial of her application for leave to present a late claim. (*E.M.*, *supra*, at p. 748.)

We disagree with *E.M.* to the extent it stands for the proposition that a plaintiff who was a minor at the time the injuries were suffered satisfies the claim requirement of section 945.4 simply by presenting an application for leave to present a late claim under section 911.6(b)(2). A treatise has recognized that *E.M.* creates confusion regarding the procedure minor plaintiffs must follow before filing suit: "The holding in *E.M.* would appear to render the filing of a petition under Govt C §946.6 superfluous, at least when the basis for late claim relief is the claimant's minority." (Van Alstyne et al., Cal. Government Tort Liability Practice (Cont.Ed.Bar 2015) § 7.60.) We agree. We believe the *E.M.* opinion overlooks the plain language of sections 911.4, 911.6, 945.4, and 946.6. By holding that an application for leave to present a late claim itself satisfies the claim requirement, even if the application is denied, *E.M.* nullifies the requirements of filing a petition under section 946.6 and obtaining court permission to be relieved of the claim procedure.

B. *The Doctrine of Equitable Tolling Does Not Apply.*

J.M. argues the doctrine of equitable tolling should apply when a minor's application for leave to present a late claim is denied by operation of law in contravention of section 911.6(b)(2). This argument is without merit.

17

Equitable tolling of statutes of limitations is a judicially created doctrine designed to suspend or extend a statute of limitations "'as necessary to ensure fundamental practicality and fairness.'" (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99.)  Equitable tolling applies when a claimant has several legal remedies and chooses to pursue one reasonably and in good faith.  (*Id.* at p. 100.)  "Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason."  (*Ibid.*)

J.M. did not pursue an alternative remedy, such as an administrative remedy or an action in a different forum.  It is undisputed the only remedy J.M. sought was by petition to the superior court pursuant to section 946.6.  He therefore cannot invoke equitable tolling.

C.  *The Board Was Not Required to Provide Written Notice Under Section 911.8.*

J.M. asserts the District failed to give him written notice of the denial of his application for leave to present a late claim under section 911.8.  Had the District provided notice, J.M. argues, "any prejudice from plaintiff's brief delay petitioning the court would have been eliminated."  He also suggests the failure to give notice operated as an estoppel because he was "lulled into the belief that the Board would, eventually, grant his application, and permit him to file his late claim."

Section 911.8, subdivision (a) requires a board to give written notice only of "the board's action upon the application."  The District was not required under the statutory framework to give written notice of its *inaction* upon his application.  J.M. was represented by counsel who could determine the application to present a late claim had been denied by operation of law under section 911.6(c).  J.M. identifies no "calculated conduct," representation, or concealment of facts on the part of the District or its agents

18

supporting an estoppel to invoke the time limitations of the Government Claims Act. (*Ortega v. Pajaro Valley Unified School Dist.* (1998) 64 Cal.App.4th 1023, 1044-1045.)

### D. *Public Policy*

J.M. urges us to look beyond the language of sections 911.6 and 946.6 and consider public policy favoring trial on the merits. The primary purpose of the Government Claims Act is to provide the public entity with notice of a claim to facilitate investigation and settlement without trial, if appropriate. (*City of Stockton v. Superior Court*, *supra*, 42 Cal.4th at pp. 744-745; *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455.) The Legislature effectuated and expressed that purpose in the plain language of the Government Claims Act, which includes a detailed procedure for "the advance filing of a claim as a prerequisite to filing suit" and deadlines for "both the filing of claims and the commencement of litigation." (*Schmidt v. Southern Cal. Rapid Transit Dist.*, *supra*, 14 Cal.App.4th at p. 28.)

Although, as J.M. argues, section 946.6 is a remedial statute, it is to be construed in favor of relief only when that is possible. (*Bettencourt v. Los Rios Community College Dist.*, *supra*, 42 Cal.3d at pp. 275-276, citing *Viles v. State of California*, *supra*, 66 Cal.2d at pp. 32-33.) The language of section 946.6 is plain and unambiguous; it cannot be construed in favor of granting J.M. relief. By virtue of the District's inaction, J.M.'s application for leave to present a late claim was deemed denied by operation of law on December 8, 2012, the 45th day after J.M. presented the application to the District. Consequently, J.M. had six months from December 8, 2012, to petition the superior court for relief from the claim requirement under section 946.6. (§ 946.6(b).) J.M. did not meet that deadline. "The general policy favoring trial on the merits cannot be applied indiscriminately so as to render ineffective the statutory time limits." (*Department of Water & Power v. Superior Court*, *supra*, 82 Cal.App.4th at p. 1293.)

19

## DISPOSITION

The order denying J.M.'s petition under section 946.6 is affirmed.  In the interest of justice, no party may recover costs incurred on appeal.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

20